HENRY F. SLATER, impleaded,

*v.*

RUTH GRUGER *et al.*

*Filed at Ottawa January 19, 1897—Rehearing denied March 6, 1897.*

1. JOINT TENANCY—*language of statute need not be used to create joint tenancy.* An estate in joint tenancy is created under section 5 of the Conveyance act, (Rev. Stat. 1874, p. 273,) when the instrument expressly declares that such estate is granted, although it contains no express declaration that an estate in common is not granted.

2. SAME—*what language used in a deed will create a joint tenancy.* A deed to the grantees "*and the survivor of them,* in his or her own right," reciting that "the conveyance herein is made in joint tenancy," to have and to hold "unto said party of the second part, their heirs and assigns forever," creates an estate in joint tenancy.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

COPE, LEMMA & TRELOAR, for appellant:

It is not necessary that the language of the statute be employed to create a joint tenancy. *Mette* v. *Feltgen,* 148 Ill. 357.

It was not necessary, at common law, to employ express terms to create a joint tenancy. *Mette* v. *Feltgen,* 148 Ill. 364.

The intention of the parties, as the same is ascertained from the deed, governs. *Butterfield* v. *Smith,* 11 Ill. 485.

Words in a deed repugnant to the other parts of the deed will be rejected, when necessary to conform to the evident intent as gathered from the other parts of the instrument. *Flagg* v. *Evans,* 40 Vt. 16; *Carson* v. *McCaslin,* 60 Ind. 335; *James* v. *Balmer,* 20 Me. 425; *Watermain* v. *Andrews,* 14 R. 589.

JESSE COX, and WALTHER & LANAGHEN, for appellees:

The words in the description of the parties cannot control the force of the words in the granting part of the deed. *Baulos* v. *Ash,* 19 Ill. 187.

In the construction of a deed the question is, not what estate did the party intend to convey, but what did he pass by apt and proper words. *Johnson* v. *Bantock*, 38 Ill. 111; *Fowler* v. *Black*, 136 id. 363.

To create a joint tenancy the estate must be expressly declared to pass, not in tenancy in common, but in joint tenancy. *Mette* v. *Feltgen*, 148 Ill. 364.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The question in this case is, whether a deed executed October 12, 1882, by Johan Bender and Mary Bender, his wife, to Katharine Slater and Henry F. Slater, her husband, conveyed the premises therein described to the grantees as tenants in common or as joint tenants. The controversy arose under the bill of appellees filed in the Superior Court of Cook county, against appellants, for the partition of the land described in the deed and other lands about which there is no dispute. Appellees contended, and the Superior Court held, that the title was vested in Katharine Slater and Henry F. Slater, her husband, in fee simple, as tenants in common, and a decree for partition was entered in accordance with that conclusion.

The following are the only portions of the deed material to this question: The parties to it are first described as "Johan Bender and Mary Bender, his wife, of the city of Chicago, in the county of Cook and State of Illinois, party of the first part, and Katharine Slater and Henry F. Slater, her husband, and the survivor of them, in his or her own right, of Chicago, in the county of Cook and State of Illinois, party of the second part." The granting clause is "unto said party of the second part, their heirs and assigns forever." After the description of the premises is the following: "The conveyance herein is made to said grantees in joint tenancy," and the *habendum*

is, "unto the said party of the second part, their heirs and assigns forever."

The quality of survivorship, which is not an incident of a tenancy in common but is the distinguishing feature of a joint tenancy, was mentioned in the description of the grantees as party of the second part, and immediately after the description of the premises it was declared that the conveyance was made to them in joint tenancy. The parties endeavored to create a joint tenancy, but it is insisted by appellees that they failed in that purpose by not complying with the requirements of the statute in their declaration as to the nature of the estate conveyed. The statute referred to is section 5 of an act concerning conveyances, (1 Starr & Curtis' Stat. 571,) which is as follows: "No estate in joint tenancy in any lands, tenements or hereditaments shall be held or claimed under any grant, devise or conveyance whatsoever, heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors and trustees, (unless otherwise expressly declared as aforesaid,) shall be deemed to be in tenancy in common."

The granting clause described the grantees by reference only, as "said party of the second part," previously defined in the deed. Appellees say that this must be taken to refer to the named parties, Katharine Slater and Henry F. Slater, her husband, and that the case of *Baulos* v. *Ash*, 19 Ill. 187, is conclusive on that question. They therefore insist that, taking said parties so named, their heirs and assigns, to be the grantees, and considering that no words indicating a joint tenancy were used in the granting clause, a tenancy in common in fee simple passed by that clause. In the case referred to it was held that the words in the description of the parties could not control the force of the words in the granting

part of the deed. In that case the further description was inconsistent with the granting clause, both in respect to the grantee and the nature of the estate vested. But an application here of the rule in that case does not aid appellees, because the words used in the granting clause of this deed are those proper to be used in creating an estate in joint tenancy, provided the deed also contains the declaration required by the statute. Prior to the existence of the statute, when estates in joint tenancy were favored, a conveyance to two persons, their heirs and assigns, would create an estate of that nature. (Williams on Real Prop. 134; 2 Blackstone's Com. 180.) If the granting clause had been to said Katharine Slater and Henry F. Slater, and the survivor of them, in his or her own right, the deed would have created a freehold estate in the grantees during their joint lives, with a contingent fee in remainder to the survivor. (*Mittel* v. *Karl*, 133 Ill. 65 ; 2 Blackstone's Com. 180, note 4.) The only change from the common law method of conveying the premises made by the statute is, that the deed shall declare that the premises pass, not in tenancy in common, but in joint tenancy. If that statute is sufficiently complied with there is nothing inconsistent with such an estate in the words employed in the granting clause. And for the same reason, a declaration that the premises are to pass in joint tenancy cannot be regarded as a limitation of the fee, such as was attempted in *Palmer* v. *Cook*, 159 Ill. 300. In that case, after granting a fee, the grantor attempted to provide that if either of the grantees should die without an heir her interest should revert to the survivor. That was an attempt to limit the estate over to another after the fee granted, while here the terms used in the grant would not convey an estate in tenancy in common if it were otherwise expressly declared in the deed.

But it is argued by appellees that no estate in joint tenancy can be created unless the language of the stat-

ute is used in the grant, and the premises are not only declared to pass in joint tenancy, but that they are not to pass in tenancy in common. It is urged that this deed is not sufficiently explicit in that regard. It is plain that joint tenancies are not favored by the legislature, and it was undoubtedly the object of the statute that the deed should clearly and explicitly show that the premises are not to pass in tenancy in common; but where that is the real intention, and it is made clear by the instrument, the particular phraseology used to show it cannot be important. The mere use of different terms, where it is clear that the parties understood the nature and incidents of the different estates, and where the language shows that the estate intended is clearly not a tenancy in common but a joint tenancy, should not defeat their purpose. The precise words employed in the statute were not used in the deed passed upon in *Mette* v. *Feltgen,* 148 Ill. 357. In that deed there was no declaration in terms that the premises should pass, not in tenancy in common, but in joint tenancy. The only language bearing on that question was the quit-claim to the grantees, "not as tenants in common, but as joint tenants." This was held to be a sufficient declaration. In this case the express declaration that the conveyance was made in joint tenancy, connected with the right of survivorship stated, which could not exist in the case of a tenancy in common, as completely negatived the creation of an estate in tenancy in common as any words that could have been employed.

The decree will be reversed and the cause remanded, with directions to enter a decree in accordance with the views herein contained.      *Reversed and remanded.*