### GEORGE D. MUSTAIN et al.
#### v.
### SARAH A. GARDNER et al.

*Opinion filed June 16, 1903.*

1. REAL PROPERTY—*joint tenancies are looked upon with disfavor in Illinois.* Joint tenancies are not favored in Illinois, and under section 5 of the Conveyance act no estate in joint tenancy passes under any grant, devise or conveyance, other than to executors and trustees, unless the premises shall be expressly declared to pass, not in tenancy in common, but in joint tenancy.

2. SAME—*when express declaration that estate is a joint tenancy is not necessary.* If a grant or devise imparts the quality of survivorship to the estate a joint tenancy is created, even though it is not expressly declared that the estate is not a tenancy in common.

3. WILLS—*when will does not create joint tenancy.* A devise to the testator's daughter and his wife, "jointly," of certain described property, "to them and to their heirs and assigns forever," creates a tenancy in common, and not a joint tenancy, notwithstanding the use of the word "jointly."

APPEAL from the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding.

ELTING & O'HARRA, and J. ROSS MICKEY, for appellants.

SHERMAN, TUNNICLIFF & GUMBART, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellants are the heirs-at-law of one Ola I. Mustain, who departed this life on the 11th day of December, 1900. They filed a bill in equity in the circuit court of McDonough county against Sarah A. Gardner and Charles H. Gardner, her husband, for the partition of lots 3 and 4 in block 5, in Davis' addition to the village of Blandinsville. The title to the said lots was in one John T. Mustain at the time of his death. He left a will containing but two clauses, which are as follows:

"*First*—It is my will that my funeral expenses and all of my just debts be fully paid.

"*Second*—To my beloved daughter, Ola I., and my beloved wife, Sarah A. Mustain, jointly, I give, devise and bequeath lots three (3) and four (4), in block five (5), in Davis' second addition to the late town (now village) of Blandinsville, to them and to their heirs and assigns forever."

The chancellor construed the second clause of the will to devise the premises to the devisees therein named as joint tenants, and held that upon the death of the said Ola I. Mustain the title thereto inured as an entirety to the said Sarah A. Gardner, *nee* Mustain, as the surviving joint tenant, and sustained a demurrer to the bill and dismissed the case.

The only question presented by this record is whether the devisees took as joint tenants or as tenants in common. Joint tenancies are looked upon with disfavor in this State. For this reason section 5 of the act concerning conveyances (1 Starr & Cur. Stat. 1896, p. 916,) was adopted. The section reads as follows: "No estate in joint tenancy in any lands, tenements or hereditaments, shall be held or claimed under any grant, devise or conveyance whatsoever, heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors and trustees, (unless otherwise expressly declared as aforesaid,) shall be deemed to be in tenancy in common." The devise does not expressly declare that the estate thereby created and devised is an estate in joint tenancy and not an estate in common. But such a declaration is not indispensable. It is enough if it shall appear from the phraseology of the devise that the testator understood the nature and incidents of the two estates, and the language employed be such as to clearly and explicitly show that the prem-

ises are not to pass in tenancy in common. (*Slater* v. *Gruger*, 165 Ill. 329.) In the absence of an affirmative declaration that the estate devised is in joint tenancy, an estate in tenancy in common will be devised, unless it clearly and explicitly appears from the language employed that the testator understood the nature and incidents of the different estates and intended to create a joint tenancy. The quality of survivorship is the distinguishing feature of a joint tenancy, and where the grant or devise expressly imparts that quality to the estate, as did the deed under consideration in *Slater* v. *Gruger*, *supra*, it will be deemed effectual to create a joint tenancy, though the negation indicated by the statute be omitted.

The devise under consideration does not, in terms, negative the presumption which arises from the statute that it was the intention of the testator to create an estate in tenancy in common, and does not, in terms, declare it to be the intent to create a joint tenancy; nor do we find anything in the language of the devise to indicate that the testator understood the nature and incidents of the different estates, or either of them, and desired that an estate having the peculiar characteristic of survivorship should pass by the devise. The word "jointly," found in the devise, cannot be accepted as sufficient to show, clearly and explicitly, that the testator intended that the estate devised should possess the attribute of survivorship. Tenants in common or coparceners hold the estate "jointly" until a severance is effected. (*Davis* v. *Smith*, 4 Harr. 68; *Billingslea* v. *Baldwin*, 23 Md. 115.) It is entirely consistent with the use made by the testator of this word "jointly" to construe it as indicating only an intent to devise the estate to both devisees, and as it cannot be construed to declare, explicitly and clearly, the intent that the estate, as an entirety, should inure to the survivor of the devisees, it cannot avail to take the devise out of the operation of the statute. The statute must

be given effect and the estate devised declared to be an estate in tenancy in common.

The decree is reversed and the cause remanded to the circuit court, with directions to that court to overrule the demurrer to the bill and require the defendants to plead, answer or demur thereto.

*Reversed and remanded, with directions.*