## MURRAY *v.* KATOR.

1. JOINT TENANCY—CREATION PERMITTED BY LAW.
   While the law does not favor joint tenancies, it nevertheless permits their creation (3 Comp. Laws 1915, § 11562).

2. SAME—INTENT TO CREATE MAY BE INFERRED.
   An intent on the part of the grantors to create an estate other than in common may be inferred.

3. DEEDS—CONSTRUCTION—INTENT OF PARTIES.
   The object to be arrived at by courts in construing deeds or other contracts is to ascertain clearly the intention of the parties.

4. SAME.
   The circumstances surrounding the preparation and execution of a deed will be considered in arriving at the intent of the parties.

5. JOINT TENANCY—INTENT TO CREATE SHOULD BE GIVEN EFFECT.
   Where in the premises of a deed the grantees were described as "heirs jointly," thus evidencing the intent of the grantors to create a joint tenancy, the word "jointly"

should be read into both the granting and *habendum* clauses following the words "parties of the second part," and thus give effect to said intent.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 12, 1922. (Docket No. 87.) Decided December 5, 1922.

Bill by Margaret Murray against James W. Kator, administrator of the estate of Catherine Kator, deceased, and others, for the construction of a deed. From a decree for plaintiff, defendants appeal. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for plaintiff.

*C. C. Yerkes* (*John A. Boyne,* of counsel), for defendants.

SHARPE, J. This case involves the construction of a deed, the first paragraph of which reads as follows:

"This indenture, made this eighth day of January in the year of our Lord one thousand nine hundred and three, between Richard Smitherman and Margaret Smitherman, his wife, of Smithfield, Oakland county, Michigan, parties of the first part, and Catherine jointly Smitherman and Margaret Smitherman, 'heirs' ⌃ of the same place parties of the second part."

The grantees were two of the daughters of the grantors. Sixty acres of land in Oakland county were conveyed. A long form blank was used. There is no other reference to the estate conveyed. The deed was deposited in escrow, to be delivered on the death of the grantors. No contention arises over its delivery. In 1913, Catherine Smitherman married the defendant Kator. She died in 1917, after her parents. Her husband, acting as administrator of her estate,

listed an undivided one-half interest in the 60 acres as belonging thereto. Plaintiff claims the land as survivor of her sister Catherine.

Defendants insist that an estate in common was created by the conveyance. Our statute (3 Comp. Laws 1915, § 11562) provides:

"All grants and devises of lands, made to two or more persons, * * * shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy."

The effect of this statute is to reverse the common-law rule relating to the determination of such estates. Does the word "jointly," inserted in the premises of this deed, declare an estate in joint tenancy? While the law does not favor joint tenancies, it nevertheless permits their creation. *In re Blodgett's Estate,* 197 Mich. 455, 461. It is apparent from the face of the deed that the word "jointly" was inserted after the paragraph had been written. Had it not been inserted, it is clear that an estate in common would have been created. An intent on the part of the grantors to create an estate other than in common may be inferred. In *Smith* v. *Smith,* 71 Mich. 633, 638, it was said:

"The object to be arrived at by courts in construing deeds or other contracts is to ascertain clearly the intention of the parties."

The language which follows, quoted from *French* v. *Carhart,* 1 N. Y. 102, is expressive of the rule that the circumstances surrounding the preparation and execution of the deed will be considered in arriving at such intent. The word "jointly" was inserted for some purpose. None other can be gleaned from the word used when read with the remainder of the deed than an intent on the part of the grantors to create an estate in joint tenancy. It was so held in *Case* v. *Owen,* 139 Ind. 22 (38 N. E. 395, 47 Am. St. Rep.

253). The word "jointly" was there used in the granting clause. But this court has held that—

"It is no stretch to read the word 'parties' in the deed, wherever it occurs, with the additional designation contained in the premises." *Schulz* v. *Brohl*, 116 Mich. 603, 605.

We should therefore read the word "jointly" into this deed following the words "parties of the second part" in both the granting and the *habendum* clauses. By doing so, the intent of the grantors is perfectly plain. An estate in joint tenancy was intended to be conveyed to the two sisters.

In view of the conclusion reached, it is unnecessary to consider the other questions discussed.

The decree is affirmed, with costs to plaintiff.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.