FRIES and others, Respondents, vs. KRACKLAUER and others, Appellants.

*March 8—April 2, 1929.*

548

For the appellants there were briefs by *Schubert & Stevenson* of La Crosse, and oral argument by *W. H. Stevenson*.

For the respondents there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *Geo. W. Bunge*.

ESCHWEILER, J. The plaintiffs below, respondents here, claiming only through Elizabeth Fries, one of the grantees of the deed set forth above, contended below, and again here, that the deed was to the grantees as tenants in common and that the word *"jointly"* appearing in the first paragraph is and was of no importance, or, in any event, that under the testimony that was received of the scrivener who

drew the conveyance and of others as to statements made to them by the grantor, the fact was that she intended to convey to the two daughters as tenants in common and not as joint tenants.

The appellant contends that the word *"jointly,"* both under the law and under the testimony, cannot be thus disregarded and that the document must be construed as creating a joint tenancy.

The legislative public policy is declared by sec. 230.44, Stats., to the effect that grants and devises of land made to two or more, unless within certain exceptions not material here, shall be construed to create estates in common and not in joint tenancy, unless expressly declared to be the latter. To the same effect are the judicial decisions. *Breitenbach v. Schoen,* 183 Wis. 589, 592, 198 N. W. 622.

A glance at the deed, the material parts of which are quoted *supra,* discloses that the word *"jointly,"* upon which appellants must and do rely, appears but once in the conveyance and there but in the part of the instrument which is merely introductory, which describes or identifies the parties, and in no sense undertakes or purports to grant title or describe the nature of the title intended to be conveyed.

When we consider the parts of the deed vital for the purpose of divesting title from the grantor and vesting title in the grantees, we find that the terms then used are: "the said parties of the second part, and to *their heirs and assigns* forever." These are the recognized appropriate terms used to create a tenancy in common. They clearly negative the idea of survivorship, the fundamental feature of joint tenancy. *Mustain v. Gardner,* 203 Ill. 284, 67 N. E. 779; *Overheiser v. Lackey,* 207 N. Y. 229, 100 N. E. 738. The word "jointly" may be considered here to have been evidently used in the popular or common understanding rather than as a technical legal phrase. *Wunderlich v. Bleyle,* 96 N. J. Eq. 135, 125 Atl. 386.

That the granting or conveying portions of such a deed, when clear and unambiguous as in the instant case, are controlling over other words or phrases found in the introductory part or premises in such a conveyance, needs no lengthy citation of authorities or any further discussion. See 8 Ruling Case Law, p. 1045; 18 Corp. Jur. p. 268; 14 Eng. Rul. Cases, p. 755; *Dickson v. Van Hoose,* 157 Ala. 459, 467, 47 South. 718, followed in *Reynolds v. Reynolds,* 208 Ala. 674, 679, 95 South. 180.

The decision much relied on by respondents of *Case v. Owen,* 139 Ind. 22, 38 N. E. 395, is against their contention here, for there the word *"jointly"* followed the words "convey and warrant," and of course referred to the title and not, as here, to the parties.

The deed on its face therefore needed no reformation and conveyed to the grantees as tenants in common and not as joint tenants. The right result was therefore reached by the trial court.

*By the Court.*—Judgment affirmed.