WEBER, Respondent, vs. NEDIN, Appellant.

*April 7—May 10, 1932.*
*December 10, 1932—January 10, 1933.*

40

*Douglas J. Mangan,* attorney, and *Ralph M. Hoyt* of counsel, both of Milwaukee, for the appellant.

For the respondent there were briefs by *Pellette & Zillmer* of Milwaukee, and oral argument by *Raymond T. Zillmer.*

A brief was also filed in support of the appellant's motion for rehearing signed by *Ralph M. Hoyt* of Milwaukee, *Theodore W. Brazeau* of Wisconsin Rapids, *Allan T. Pray*

of Ashland, *Claire B. Bird* of Wausau, *Lyman T. Powell* of Superior, *E. C. Fiedler* of Beloit, *Byron H. Stebbins* of Madison, and *Fred A. Foster* of Fond du Lac, as *amici curiæ*.

The following opinion was filed May 10, 1932:

OWEN, J. The plaintiff brings this action to clear her title to certain real estate of which her mother, Sophie Nagy, alias Sofi Nedin, died seized on the 20th day of December, 1924. Plaintiff's mother obtained title to the premises in question by virtue of a deed executed by Henry Nehrbass and Hattie Nehrbass, his wife, to Tomas Nedin and Sofi Nedin on the 28th day of November, 1924. The opening recital contained in this deed reads as follows:

"This indenture, made this 8th day of November, A. D. 1924, between Henry Nehrbass and Hattie Nehrbass, his wife, of the city and county of Milwaukee, Wis., said Henry Nehrbass having obtained title while a widower, party of the first part, and Tomas Nedin and Sofi Nedin, his wife, and to the survivor of either, of the same place, parties of the second part."

The granting clause of the deed conveys the premises described to "the said parties of the second part, their heirs and assigns forever." The plaintiff claims title to the premises as the sole heir at law of her mother, Sophie Nagy, alias Sofi Nedin, one of the grantees of said deed. The defendant Tomas Nedin claims title to the premises as the survivor of Sofi Nedin, with whom he claims he acquired title to the said premises in joint tenancy. The question presented is whether the deed under which Tomas and Sofi acquired title created a joint tenancy or a tenancy in common.

The complaint alleges that while Tomas and Sofi cohabited together as husband and wife they were never married, and at the time of the commencement of their illicit relations the said Sofi had a husband living. The rule of construc-

tion prescribed by sec. 230.44, Stats., that "All grants and devises of land made to two or more persons, except as provided in section 230.45, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy," therefore applies. The deed is to be construed to create an estate in common unless the deed expressly declares the estate created to be one in joint tenancy. The appellant contends that this deed does so declare. This contention is based upon the phrase in the deed "and to the survivor of either" found in the opening recital above set forth. He contends that the use of this phrase in said recital indicates an intention that the premises should go to the surviving grantee, which is an incident of joint tenancy.

It is well understood that a deed, like any other writing, is to be construed to effectuate the intention of the parties. *Jones v. Hoffman,* 149 Wis. 30, 134 N. W. 1046; *Barkhausen v. Chicago, M. & St. P. R. Co.* 142 Wis. 292, 124 N. W. 649, 125 N. W. 680, and numerous cases there cited. As was said in *Chicago, M. & St. P. R. Co. v. H. W. Wright Lumber Co.* 123 Wis. 46, at p. 50 (100 N. W. 1034) : "As in case of wills, the all-dominating rule is to ascertain what the parties intended, and to give effect to it. To this end no single sentence or paragraph stands by itself, but the whole instrument must be read together, and, if possible, a purpose ascribed to each part thereof which is consistent with every other part. . . . It is only when it is found impossible to give a meaning to one part consistent with any other that repugnancy exists, and the duty arises to choose as to which phrase shall exclude the other." If we give to the phrase "and to the survivor of either" where it is found in the opening recital of the deed all of the force which the defendant claims should be accorded to it, we find that it is utterly repugnant to the provisions of the granting clause which conveys the premises to the grantees, "their heirs and as-

signs forever." These two provisions of the deed cannot be reconciled so that effect can be given to either consistent with the effect that must be given to the other. The question then is, which of two repugnant provisions shall prevail? It is a rule of quite general if not universal recognition that the granting or conveying portions of a deed, when clear and unambiguous, shall control over other words or phrases in the introductory or other part of a deed. *Fries v. Kracklauer,* 198 Wis. 547, at p. 551 (224 N. W. 717), and cases there cited. As this deed expressly grants the premises to the parties of the second part, their heirs and assigns forever, this expressed and unambiguous provision must prevail over the mere use of the phrase "to the survivor of either" in the recital and in a connection in which it has no sensible meaning. The deed must be construed as one creating a tenancy in common and, accordingly, the demurrer to the complaint was properly overruled.

*By the Court.*—Order affirmed.

The following opinion was filed January 10, 1933:

ROSENBERRY, C. J. (*on rehearing*). There was a motion for rehearing, which motion was granted and the case has been reheard, reargued, and reconsidered. Reference is made to the opinion on file for a statement of the facts.

The question to be determined is whether or not the language contained in the premises or introductory clause expresses an intention on the part of the grantor to create a joint tenancy, and, if so, whether or not there is a conflict between that and the granting clause of the deed which controls the language of the premises or introductory clause. At common law estates with respect to the number and connection of their owners who held them were of four kinds: where an estate was owned by a single person it was described as an estate in severalty; estates held by two or more

persons are described as estates in joint tenancy, coparcenary, and common. Of these estates an estate in joint tenancy was the only one which had the characteristic or incident of survivorship. 2 Blackstone, ch. XII. At present in this country there are with respect to the number and connection of their owners five different estates: estates in severalty, in joint tenancy, in coparcenary, in common, and by the entirety. There is in some sections of the country a kind of estate denominated community estate or community property. Community property was unknown at the common law, and the legal concept is derived in the main from the Spanish and French law. Estates of that sort depend for their existence in this country mainly upon statutes creating them. 5 Ruling Case Law, p. 825, §§ 2, 3.

By sec. 230.43, Stats., estates in respect to the number and connection of their owners are divided into estates in severalty, in joint tenancy, and in common. By this statute estates in entirety and estates in coparcenary were abolished. *Wallace v. St. John,* 119 Wis. 585, 97 N. W. 197. In this country estates in joint tenancy have met with disfavor and in some jurisdictions have been abolished altogether. At common law an estate granted to A and B and their heirs made them joint tenants in fee of the land. 2 Blackstone, p. 180.

By sec. 230.44, Stats., it is provided that all grants made to two or more persons shall be construed to create estates in common and not estates in joint tenancy unless expressly declared to be in joint tenancy, except as provided in sec. 230.45. Sec. 230.45 provides that sec. 230.44 shall not apply to mortgages nor to devises or grants made in trust, nor to executors, nor to husband and wife. So that in the main the rule at the common law is reversed by statute.

Although the grantees in the deed in the case at bar were not in fact husband and wife, the conveyance was made to them in the same form it would have been made were they

husband and wife. Not being husband and wife, the deed would not come within the exception created by sec. 230.45.

The decisive question in this case is, Does the grant made expressly declare that it is intended to create an estate in joint tenancy? An estate in joint tenancy was the only estate known at the common law or is known in the law of this state which has the incident of survivorship. If the language in the deed had been "Tomas Nedin and Sofi Nedin, his wife, as joint tenants," no one familiar with the language of conveyancing could have any doubt as to the intent of the parties. *Mette v. Feltgen,* 148 Ill. 357, 36 N. E. 81.

It is not necessary in a grant or a devise to use the term "joint tenancy." Any other expression which clearly discloses an intent to create an estate in joint tenancy is sufficient. *Purdy v. Hayt,* 92 N. Y. 446; *Overheiser v. Lackey,* 207 N. Y. 229, 100 N. E. 738. This court, in common with the courts of New York and Illinois, has held that the use of the word "jointly" is not by itself a sufficient declaration of an intent to create an estate in joint tenancy to overcome the statutory presumption (*Fries v. Kracklauer,* 198 Wis. 547, 224 N. W. 717), although there is very respectable authority to the contrary. See 2 Thompson, Real Property, p. 934, § 1724, and cases cited.

The word "jointly" as used in common parlance is a word applicable to estates in common as well as to joint tenancy. This is due to the fact that in each the right of possession is in all of the owners equally. Technically, "jointly" applies only to estates in joint tenancy. *Overheiser v. Lackey,* 207 N. Y. 229, 100 N. E. 738. So it is held in Wisconsin, Illinois, and New York that unless it appears to be used in its technical sense, it lacks the element of certainty necessary to comply with the statute.

The word "survivor" or "survivorship," however, has no equivocal meaning. Survivorship is an incident of an estate in joint tenancy and of no other under our law. A testator

devised certain real estate as follows: "One third part thereof to the children of my said daughter Margaret Prentiss, and the survivor or survivors of them." These were held to be apt words to create an estate in joint tenancy. *Stimpson v. Batterman,* 5 Cush. (59 Mass.) 153. While the decision was made prior to the enactment of statutes similar to secs. 230.44 and 230.45, it does not lose its force on that account.

"There is no substantial difference between deeding or devising land to two persons and the survivor of them and deeding or devising land to two or more persons to be held in joint tenancy." 2 Thompson, Real Property, p. 934, § 1724.

Upon reason and authority it is held that the words "and the survivor of either," in the introductory clause of the deed in question, are amply sufficient to disclose a clearly expressed intent to create an estate in joint tenancy within the meaning of sec. 230.44. It is contended, however, that so construed it is utterly repugnant to the provisions of the granting clause which conveys the premises to the grantees, their heirs and assigns forever. The use of the word "assigns" in a conveyance to one "and his heirs" is without any legal significance and the words are in fact superfluous. 4 Thompson, Real Property, p. 459, § 3345, and cases cited. Omitting the word "assigns" from the granting clause of the deed under consideration because it is without legal effect, we have the following: "to the said parties of the second part, their heirs forever." These are the identical words which at common law were used to create an estate in joint tenancy. 2 Blackstone, p. 179. We are at a loss, therefore, to understand how it can be averred that there is any irreconcilable conflict in these two clauses. We have again carefully examined briefs of counsel and fail to find any case cited except *Fries v. Kracklauer, supra,* where it is held that there is any incon-

sistency in the use of the words "their heirs" in the granting clause and words in the introductory clause disclosing an intent to create an estate in joint tenancy. By virtue of sec. 230.44, the use of the words "their heirs" alone creates an estate in common. The use of the words is, however, in no way inconsistent with the creation of an estate in joint tenancy. It follows, therefore, as an irresistible conclusion that the intent clearly expressed in the introductory clause must be given effect and the conveyance under consideration held to create an estate in joint tenancy. We have examined the cases cited to sustain the proposition that where there is an irreconcilable conflict between the introductory and granting clauses, the granting clause controls, but we find none having any bearing upon this question. That rule, in common with all other rules of construction, must yield to the rule that the intent of the parties is to prevail. That intent, of course, is the intent described in *Chicago, M. & St. P. R. Co. v. H. W. Wright Lumber Co.* 123 Wis. 46, 100 N. W. 1034. We have a situation here where it is not impossible to give a meaning to the word used in the introductory clause which is consistent with the language of the granting clause, therefore the rule respecting conflicting clauses has no application.

In *Fries v. Kracklauer, supra,* the statement was made that the use of the words "their heirs and assigns forever" clearly negatives the idea of survivorship, the fundamental feature of joint tenancy. Two cases are cited, neither of which sustains the conclusion stated. In *Mustain v. Gardner,* 203 Ill. 284, 67 N. E. 779, the language of the devise was, "To my beloved daughter, Ola I., and my beloved wife, Sarah A. Mustain, jointly, I give, devise and bequeath (description of the property) to them and to their heirs and assigns forever." In the opinion no reference was made to the use of the words "their heirs and assigns forever," it being

held merely that the use of the word "jointly" could not avail to take the devise out of the operation of the statute.

In *Overheiser v. Lackey*, 207 N. Y. 229, 100 N. E. 738, the language of the devise was: "*Second.* I give and devise to my daughters, Eliza Jane Marsh and Hester Marsh, jointly, the lot of ground," etc. The case of *Mustain v. Gardner, supra,* is cited, and after citing other cases the court of appeals held that the use of the word "jointly" did not amount to an express declaration of an intent to create a joint tenancy sufficient to negative the presumption established by statute that tenancy in common was intended.

From the earliest times it was a rule of the common law that a conveyance to "two, three or four or more, to have and to hold to them and to their heirs," made them joint tenants. 1 Coke's First Inst. 728. See, also, 2 Sugden, Vendors, 697; Williams, Real Property, 164, 166; 3 Holdsworth, History of the Common Law, 126–128.

In *Fries v. Kracklauer, supra,* it was no doubt the intention to adopt the rule stated in *Mustain v. Gardner* and *Overheiser v. Lackey*. What was there said about the use of the words "their heirs and assigns" was not necessary to the decision and it is withdrawn.

*By the Court.*—The mandate heretofore entered is vacated. The order appealed from is reversed, and cause remanded with directions to the trial court to enter an order sustaining the demurrer and for further proceedings according to law.

The following opinion was filed February 8, 1933:

OWEN, J. (*concurring*). I agree that the former mandate in this case should be reversed, but for quite a different reason than that stated in the opinion.

As so fully appears, a conveyance at common law made to two persons vested in them an estate in joint tenancy, but

because joint tenancies have not met with the same popularity in this country that they enjoyed in England, for reasons that will be found well stated in *Overheiser v. Lackey,* 207 N. Y. 229, 100 N. E. 738, many of the states of this country, including our own, have abolished joint tenancies, except where specifically declared and except in certain instances.

Sec. 230.44, Stats., provides that all grants made to two or more persons shall be construed to create estates in common and not estates in joint tenancy, unless expressly declared to be in joint tenancy, except as declared in sec. 230.45, which provides that the provisions of sec. 230.44 shall not apply to grants made to, among others, husband and wife.

In the introductory clause of the deed here under consideration it was stated that the indenture was made between Henry Nehrbass and Hattie Nehrbass, his wife, parties of the first part, and Tomas Nedin and Sofi Nedin, his wife, and to the survivor of either, parties of the second part. It is plain that the grantors supposed they were conveying the property to Tomas Nedin and his wife. They evidently had reason to believe and did believe that Sofi Nedin was the lawful wife of Tomas Nedin. If Sofi Nedin had been the lawful wife of Tomas Nedin, no matter what the grantors intended, the law declared the estate conveyed to be one in joint tenancy. Upon reflection, I am of the opinion that it should now be held that whether the estate conveyed was one in joint tenancy should not be challenged years afterwards upon proof of the fact that Sofi was not the lawful wife of Tomas. The facts recited in the deed should be held conclusive evidence that the grantors believed them to be husband and wife, and that they intended to vest them with an estate in joint tenancy. This appears to me to be a reasonable rule, and stabilizes titles where they appear in name of husband and wife, though subsequent events may prove that the parties are not

husband and wife. This goes sufficiently far to settle this case and to indicate that the former mandate was erroneous.

From the main opinion I gather the further holding of the court that wherever the word "survivor" appears in a deed, in a salt-and-pepper fashion, no matter in what connection, no matter whether it contradicts any other provision of the deed, and no matter whether the scrivener who inserted it knew anything about the qualities of a joint tenancy, it conclusively establishes the fact that a joint tenancy was intended. To this I cannot yield assent. As was said in the former opinion, no reasonable meaning can be ascribed to the word "survivor" in the connection in which it is used in this deed. It is used in the introductory clause, and, as is well known, the introductory clause merely identifies the parties to the instrument.

In this deed the introductory clause states in effect that the indenture is made between Henry Nehrbass and Hattie Nehrbass, his wife, parties of the first part, and Tomas Nedin and Sofi Nedin, his wife, and to the survivor of either, parties of the second part. Now in fact the deed is made between Henry Nehrbass and Hattie Nehrbass, parties of the first part, and Tomas Nedin and Sofi Nedin, parties of the second part. The addition of the term "survivor" means nothing at all. The survivor must be either Tomas Nedin or Sofi Nedin, and they are already described as parties to the deed. To describe the parties of the second part as Tomas Nedin and Sofi Nedin, and the survivor of either, is, what Mr. Justice Timlin often termed in his opinions, pure nonsense.

In this case it was not necessary to say anything about joint tenancy, because the grantors were conveying to husband and wife, or to those whom they believed to be husband and wife. But if under other circumstances they intended to create a joint tenancy, the statute required them to so ex-

pressly declare, and this they could easily have done by interlining in the granting clause the expression "in joint tenancy." This would have been just as easy to have done, and would have complied explicitly with the statute, as the expression in the introductory clause which the court holds manifested an indubitable intention to create a joint tenancy. It is to be noted that the decision of the court is not limited to deeds running to alleged husbands and wives, but to deeds running to any two grantees.

Now it is freely conceded that the exact language of the statute need not be used in order to create a joint tenancy. There are numerous decisions to this effect. *Mette v. Feltgen,* 148 Ill. 357, 36 N. E. 81; *Slater v. Gruger,* 165 Ill. 329, 46 N. E. 235; *Taylor v. Lowencamp,* 104 N. J. Eq. 302, 145 Atl. 329; *Mustain v. Gardner,* 203 Ill. 284, 67 N. E. 779; *Overheiser v. Lackey,* 207 N. Y. 229, 100 N. E. 738. In many of those cases it is held that the use of the term "survivor" in a deed, when used in significant juxtaposition, is sufficient to create a joint tenancy, survivorship being a distinguishing feature of a joint tenancy. However, many of the courts have given attention to the question of whether the scrivener who drew the deed knew what he was talking about when he used the term "survivor." Many draw deeds who know nothing at all about the qualities of a joint tenancy as distinguished from a tenancy in common, and where the sole term "survivor" is relied upon to establish a joint tenancy, inquiry has often been made as to whether the person drawing the deed was learned in the law and presumptively knew of the distinguishing features of a joint tenancy. If this appeared, greater significance was given to the presence of the term "survivor" in the deed.

One of such cases is *Overheiser v. Lackey,* 207 N. Y. 229, 100 N. E. 738, where the court noted that in the granting clause of the deed the scrivener used the term "lien" instead

of "alien," and it concluded that it was not construing the product of one learned in the law. In that case the court failed to recognize an intention to create a joint tenancy by the desultory use of the term "survivor," and the dissenting opinion stated that this conclusion was strengthened by the fact that the term "survivor" was found in the introductory clause of the deed. Now it seems to me that one who uses the term "survivor" in the introductory clause of a deed, where it must mean one of two already recited in the deed, cannot be held to have a profound knowledge of what the statutes of this state require in order to constitute a joint tenancy, and its presence at such point in the deed cannot be accorded conclusive effect of what the parties did intend with reference to the creation of a joint tenancy. It might be used by an unschooled person for mere rhetorical effect. Certainly it seems to me that one learned in the law would not rest a joint tenancy upon so precarious a circumstance.

While I concede that under the circumstances this deed should be construed as one creating a joint tenancy, I do think that the holding of the court, which seems to be virtually to the effect that wherever the word "survivor" appears desultorily in a deed that deed *ipso facto* creates a joint tenancy, is going a little too far.