Estate of Richardson: Perrigo, Appellant, vs. Estate of Richardson, Respondent.

*November 7—December 6, 1938.*

*John L. Newman* of Milwaukee, for the appellant.

*Thomas T. Wilkinson* of Oconomowoc, for the respondent.

ROSENBERRY, C. J.    Before considering the questions raised upon the appeal from the order granting letters of administration, it is necessary for us to consider some questions of practice.   While the order appealed from was entered on January 18, 1938, the appeal was not taken until June 18, 1938, and therefore not within the sixty days provided by sec. 324.04 (1), Stats.   However, on June 6, 1938, the appellant moved the court, upon affidavits, for an extension of the time in which to appeal and in which to settle his bill of exceptions.   On June 15th, appellant's motion was granted, and the time for serving the bill of exceptions and taking the appeal was enlarged and extended to July 1, 1938. The appeal was taken and the bill of exceptions properly settled within the time provided by the order.   The appellee seeks to have the order enlarging the time reviewed upon the appellant's appeal by a motion to review, which motion was served within the time provided by statute.   The statute,

sec. 274.12, which authorizes a review upon motion, provides:

". . . In any case the respondent may have a review of the rulings of which he complains, by serving . . . notice stating in what respect he asks for a review, reversal or modification *of any part of the judgment or order appealed from.* . . ."

It is manifest that the order of June 15th, enlarging the time for appealing and settling the bill of exceptions, is no part of the order appealed from, which was entered on January 18th. The appellee having taken no appeal from the order of which he seeks a review, the matter is not before us. The trial court certainly acted within its jurisdiction. The order, therefore, while it may be erroneous, remains in full force and effect until reversed.

The facts are as follows: In 1920, the estate of Lydia Richardson was duly probated, and by final decree was assigned to Zula Perrigo and Genessee Richardson, in equal and undivided portions in fee, the decree being dated October 19, 1920. Immediately thereafter, Zula Perrigo and Genessee Richardson conveyed the property in question to George E. Robinson, by a conveyance duly executed, acknowledged, and recorded. Contemporaneously therewith, George E. Robinson and his wife executed a deed back to Zula Perrigo and Genessee Richardson, dated October 21, 1920, which deed was likewise duly executed and recorded. The material parts of the deed given by Robinson to Richardson and Perrigo are as follows:

"This indenture, made this 21st day of October, A. D. 1920, between George E. Robinson and Lydia M. Robinson, his wife, of the city of Oconomowoc, Wisconsin, parties of the first part, and Zula Perrigo, of the city of Milwaukee, Wisconsin, and Genessee Richardson, of the city of Oconomowoc, Wisconsin, *as tenants in the entirety of the second part.*

"Witnesseth, that the said parties of the first part, for and in consideration of the sum of one dollar and other valuable considerations . . . have given, granted, . . . unto the said parties of the second part, *their assigns the survivor her heirs and assigns forever. . . .*"

The habendum clause reads as follows:

"To have and to hold the said premises as above described with the hereditaments and appurtenances, unto the said parties of the second part, *and to their assigns the survivor her heirs and assigns forever.*"

The warranty clause reads as follows:

"And the said George E. Robinson, one of the parties of the first part . . . does covenant, grant, bargain and agree to and with the said parties of the second part, *their assigns the survivor her heirs and assigns,* that at the time of the ensealing and delivery of these presents he is well seized of the premises above described, . . . and that the above bargained premises in the quiet and peaceable possession of the said parties of the second part, *their assigns the survivor her heirs and assigns,* against all and every person or persons lawfully claiming the whole or any part thereof, he will forever warrant and defend."

The appellee contends that it was clearly the intention of the grantor to create a tenancy by entirety. Estates by entirety do not exist under the law of this state. Sec. 230.44, Stats., provides:

"All grants and devises of land made to two or more persons, except as provided in section 230.45, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy."

The next section, 230.45, creates certain exceptions, not material here. There being no such thing as a tenancy by entirety, the use of those words, which are found in the introductory clause of the deed, has no legal consequences. From the other clauses in the deed, the intention of the grantor to

make a conveyance to the grantees which would ultimately operate to convey the estate to the survivor, is perfectly apparent. It is considered that within the doctrine of *Weber v. Nedin,* 210 Wis. 39, 242 N. W. 487, 246 N. W. 307, 246 .N. W. 686, the conveyance from Robinson to Perrigo and Richardson created a joint tenancy. No other tenancy has the incident of survivorship. The intent to create a tenancy with that incident is perfectly apparent. It is not necessary to repeat here what was said in *Weber v. Nedin, supra.* It is considered that the trial court was in error in holding that the deed in question created a tenancy in common, and in granting letters of administration, it being conceded that there is no other property belonging to the deceased, either real or personal.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to dismiss the petition.