TAYLOR *v.* TAYLOR.

1. DEEDS—AMBIGUITY—CONSTRUCTION.
    Courts will consider the situation of the parties, the subject matter and the acts, conduct and dealings of the parties with respect to the instrument where there is a doubt as to its meaning.

2. SAME—SEVERAL GRANTEES—PRESUMPTION OF EQUALITY OF ESTATES—EVIDENCE.
    The estates of two or more grantees in a conveyance are presumed to be equal where the conveyance does not state the interest of each, but the presumption may be rebutted by proof.

3. SAME—AMBIGUITY—INTENT.
    While courts will follow the plain language of a deed in which there is no ambiguity, where the language is ambiguous or the deed fails to express the obvious intention of the parties, the courts will try to arrive at the intention of the parties and in accordance therewith grant or deny the relief asked for and in doing so will consider the laws of the State in which all of the parties and the scrivener attorney were resident.

4. SAME—SEVERAL GRANTEES—DESCRIPTION—GRANT—HABENDUM—PAROL TESTIMONY.
    In suit to construe a warranty deed wherein two brothers, sons of grantor, were described in the first paragraph as ''jointly, parties of the second part,'' but neither the granting nor habendum clauses contained the word ''jointly'' or any other descriptive term, it was proper to admit testimony as to the intent of the grantor and circumstances surrounding the giving of the deed.

5. SAME—CONSTRUCTION—INTENT—SIMULTANEOUSLY-DRAWN INSTRUMENT.
    In suit to construe a deed wherein it appears that scrivener-attorney was given instructions to draft deed and will so as to take care of grantor's two sons and wife of one of them, and it appears that simultaneously-drawn will contained lan-

guage that sons were to have the property "share and share alike," such language is indicative of an intent to describe interests of tenants in common rather than that of joint tenants with the incident of survivorship.

6. DEEDS—CONSTRUCTION—PRESUMPTION OF TENANCY IN COMMON.
   In suit to construe deed which contained word "jointly" in describing two brothers as grantees but did not otherwise indicate estate of grantees, statutory presumption that they were tenants in common was not overcome (3 Comp. Laws 1929, § 12964).

7. JOINT TENANCY—CREATION OF ESTATE.
   A joint tenancy in real property cannot be established unless expressly declared in the grant or devise (3 Comp. Laws 1929, § 12964).

8. SAME—STATUTES—PRESUMPTIONS.
   Estates in joint tenancy are not favored and since the enactment of statute requiring joint tenancy to be expressly declared by its creator all presumptions are against them (3 Comp. Laws 1929, § 12964).

9. DEEDS—CONSTRUCTION—TENANCY IN COMMON—EVIDENCE.
   A warranty deed containing term "jointly" in describing two brothers, sons of grantor, as grantees in first paragraph but not elsewhere was properly construed as creating a tenancy in common, especially where it appears one of them had mortgaged an undivided half to secure a personal indebtedness without question by the other brother (3 Comp. Laws 1929, § 12964).

Appeal from Dickinson; Bell (Frank A.), J. Submitted January 4, 1945. (Docket No. 40, Calendar No. 42,902.) Decided February 20, 1945.

Bill by Belle Taylor against Johannes E. Taylor to construe a deed so that it created a tenancy in common. Cross bill by defendant against plaintiff to have deed construed to create a joint tenancy. Decree for plaintiff. Defendant appeals. Affirmed.

*Ernest W. Brown,* for plaintiff.

*Symonds & Rahm,* for defendant.

BOYLES, J.   This is a bill of complaint to construe a deed and to confirm plaintiff's right in a one-fourth interest in certain real property.   Defendant by cross bill seeks to have the deed construed so as to exclude plaintiff from such interest and to confirm his right to the entire property, as the survivor in a joint tenancy.   The sole question for decision is whether a certain deed creates a tenancy in common, or a joint tenancy with the right of survivorship.

Esther M. Taylor, a widow, residing in Milwaukee, Wisconsin, was the owner in fee simple of certain real estate in Iron Mountain, Dickinson county, Michigan.   On June 20, 1938, she executed and delivered, in Milwaukee, a warranty deed conveying this real estate to her two sons Gilbert M. Taylor and Johannes E. Taylor.   Gilbert M. Taylor died in 1943 intestate and without issue, leaving surviving him as his heirs-at-law his widow Belle Taylor, the plaintiff herein, and Johannes E. Taylor, his brother, the defendant herein.   Under the law of descent of real property plaintiff and defendant inherited his real property equally, subject to the rights of creditors.   Accordingly, if Gilbert M. Taylor died seized of an undivided half interest in the real property in question as tenant in common, the plaintiff herein is the owner of an undivided one-fourth interest therein, and the defendant the owner of the remaining three-fourths.   The circuit judge held that the deed in question created a tenancy in common, and decreed that plaintiff held title to an undivided one-fourth interest in the property.   Defendant appeals.

The opening paragraph of the deed in question reads as follows:

"This indenture made this 20th day of June, A.D. 1938, between Esther M. Taylor, a widow, party

of the first part, and Gilbert M. Taylor and Johannes E. Taylor, jointly, parties of the second part.''

The granting clause states that the party of the first part ''by these presents does give, grant, bargain, sell, remise, release, alien, convey and confirm unto the said parties of the second part, their heirs and assigns forever,'' the certain real property described therein.

The habendum clause of the deed is as follows:

''To have and to hold the said premises as above described with the hereditaments and appurtenances, unto the said parties of the second part and to their heirs and assigns, forever.''

The warranty and possession covenant describes the parties the same as above.

The circuit judge, over objection by the defendant, admitted testimony of the circumstances surrounding the preparation and execution of the deed, to show the intent of the grantor. The defendant claims that the language of the deed is plain and unambiguous, and that this testimony was inadmissible. The only basis for this claim, in the deed itself, rests in the fact that the first or introductory paragraph of the deed recites that it is made between Esther M. Taylor as party of the first part and ''Gilbert M. Taylor and Johannes E. Taylor, *jointly*,'' as parties of the second part. However, the granting clause does not purport to convey the property to the parties of the second part ''jointly,'' nor does the habendum clause provide that they are to have and to hold the said premises ''jointly.'' The granting and habendum clauses are consistent with plaintiff's theory that Gilbert and Johannes Taylor took the property as tenants in common.

"Where there is a doubt as to the meaning of an instrument, the courts will consider the situation of the parties, the subject matter, and the acts, conduct, and dealings of the parties with respect to the instrument." *Negaunee Iron Co.* v. *Iron Cliffs Co.* (syllabus), 134 Mich. 264.

"Where a conveyance or deed to two or more persons does not state the interest of each, their estates are presumed to be equal: but the presumption may be rebutted by proof." *Hill* v. *Reiner* (syllabus), 167 Mich. 400.

"The general rule is that courts will follow the plain language in a deed in which there is no ambiguity. If, however, there is an ambiguity, or if the deeds fail to express the obvious intention of the parties, the courts will try to arrive at the intention of the parties and in accordance therewith grant or deny the relief asked for." *Farabaugh* v. *Rhode,* 305 Mich. 234, 240.

The uncertainty is created by the use of the word "jointly" after the grantees' names in the introductory paragraph. Nowhere in the deed do the words "joint tenants," "survivor," or "tenants in common" occur. Due to the use of the word "jointly" in the first paragraph, defendant would have the court read "jointly" or "as joint tenants" into the granting and habendum clauses. If such was the intent of the grantor it is not apparent in the instrument itself. The testimony as to the intent of the grantor and the circumstances surrounding the giving of the deed was properly admitted.

The defendant is not much aided by this testimony as to the circumstances under which the deed was given. Esther M. Taylor had also executed a will on the same day the deed was given, although the will has not been probated, the decedent having

left no property which would pass under the will. The Milwaukee attorney who prepared the will and deed was sworn and testified. He was a worker in a defense plant who practiced part-time law. He had several times discussed with Mrs. Taylor her wishes with reference to the disposition of her property. He testified:

"*Q.* What were her instructions with reference to her wishes?

"*A.* To make out papers for her, a will and any other papers to leave the property to Joe, Gilbert and Belle, to see that they were all taken care of. * * * After June 20, 1938, I had further talks with Esther Taylor with reference to those two instruments which she had executed. That was in the latter part of June and in the latter part of August, 1938.

"*Q.* And what was the nature of those conversations?

"*A.* Whether or not I made papers to protect Belle, Joe and Gilbert.

"*Q.* Did she mention Belle's name to you in talking to you about preparing these papers?

"*A.* Yes, she did.

"*Q.* And it was her wish, was it, that Belle be taken care of?

"*A.* That was her words, that they all be taken care of."

Belle, who was to "be taken care of," is the plaintiff Belle Taylor, who was Gilbert Taylor's wife. The evidence is conclusive that Esther M. Taylor and her daughter-in-law Belle were very friendly toward each other and there is nothing in the record to indicate that Esther M. Taylor had any reason to exclude Belle from a right to participate in her husband Gilbert's property. The *will* did not devise any real property to Gilbert M. Taylor and Johannes E. Taylor *as joint tenants.* It

purports to devise and bequeath the testatrix' property, real and personal, to them by name, "to have and to hold unto them or *their survivors* absolutely *share and share alike.*" Defendant construes "unto them or their survivor*s*" to mean "unto them or their survivo*r*"; but this construction would exclude Belle from participation, contrary to the apparent intention of Mrs. Taylor, shown by the instructions she had given the scrivener. It is plain that the scrivener used the term "their survivors" in the *will* in the same sense that "their heirs and assigns" was used in the deed. This conclusion is strengthened by testimony that the will was to be prepared the same as the deed. Some significance must also be attached to the use of "share and share alike" in the will. This more aptly describes the interests of tenants in common, rather than that of joint tenants with the incident of survivorship. There is also a significant variation between that part of the will devising the real property to the two sons of the testatrix "to have and to hold unto them or their survivors absolutely share and share alike" and the final paragraph in the will appointing "Gilbert M. Taylor and Johannes E. Taylor *and or to the survivor of either*" as executors. The will was read to the testatrix before she signed it, and it is a fair inference that this variation was not unknown to or unnoticed by her, but that the words "to the survivor of either" were intentionally omitted from other parts of the will and the deed.

A nephew of the grantor, an Illinois attorney, testified that his aunt had previously asked him to take care of the deeding of her property and that she said:

"I want to have the property go to them or given to them so that whoever remains living the longest of the two boys will remain with the property."

There is no direct testimony that Mrs. Taylor subsequently changed her mind, but the record does plainly show that such was not the instruction she later gave the scrivener who prepared the deed.

Defendant insists that if testimony as to circumstances and the intent of the grantor is held to be admissible, the intent of the grantor must be judged by Wisconsin law, inasmuch as all the parties were residents of Wisconsin, the deed was prepared by a Wisconsin attorney and executed in that State. Under our decisions, in a suit which relates to land only, a conveyance of real estate depends on the law of the State where it is situated. *Duffy* v. *White*, 115 Mich. 264; *Stack* v. *Detour Lumber & Cedar Co.*, 151 Mich. 21 (16 L. R. A. [N.S.] 616, 14 Ann. Cas. 112); *George Realty Co.* v. *Gulf Refining Co.*, 275 Mich. 442. But in ascertaining the intent of the grantor and the knowledge in the minds of the parties and the attorney who prepared the deed, all of whom were for many years residents of Wisconsin, consideration should be given to the laws of that State where the circumstances took place.

We find no irreconcilable conflict of law between the two States. In *Fries* v. *Kracklauer*, 198 Wis. 547 (224 N. W. 717), the deed under consideration was identical with the deed in the instant case. The introductory paragraph named two grantees as parties of the second part "jointly." Both the granting and habendum clauses designated the grantees as parties of the second part, "and to their heirs and assigns," without further indicating their respective interests in the property conveyed. The Wisconsin court considered the circumstances under which the deed was made, and held that the grantees took as tenants in common. The court said:

"A glance at the deed, the material parts of which are quoted *supra*, discloses that the word *'jointly,'* upon which appellants must and do rely, appears but once in the conveyance and there but in the part of the instrument which is merely introductory, which describes or identifies the parties, and in no sense undertakes or purports to grant title or describe the nature of the title intended to be conveyed.

"When we consider the parts of the deed vital for the purpose of divesting title from the grantor and vesting title in the grantees, we find that the terms then used are: 'the said parties of the second part, and to *their heirs and assigns* forever.' These are the recognized appropriate terms used to create a tenancy in common. They clearly negative the idea of survivorship, the fundamental feature of joint tenancy. *Mustain* v. *Gardner*, 203 Ill. 284 (67 N. E. 779); *Overheiser* v. *Lackey*, 207 N. Y. 229 (100 N. E. 738, Ann. Cas. 1914 C, 229). The word 'jointly' may be considered here to have been evidently used in the popular or common understanding rather than as a technical legal phrase. *Wunderlich* v. *Bleyle*, 96 N. J. Eq. 135 (125 Atl. 386)."

In *Weber* v. *Nedin*, 210 Wis. 39 (242 N. W. 487), the opening paragraph of the deed named the two grantees as parties of the second part, adding "and to the survivor of either." The granting and habendum clauses, as in the case at bar, merely named the grantees "said parties of the second part, their heirs and assigns forever." Again, the court held that the deed created a tenancy in common. On rehearing (210 Wis. 43 [246 N. W. 307]), the decision was reversed, on the ground that the words "and to the survivor of either" in the introductory paragraph established an intent to create a joint tenancy. However, the court reiterated that the mere use of

the word "jointly" in an introductory clause would not be sufficient to create a joint tenancy. The court said (p. 45):

"This court, in common with the courts of New York and Illinois, has held that the use of the word 'jointly' is not by itself a sufficient declaration of an intent to create an estate in joint tenancy to overcome the statutory presumption (*Fries* v. *Kracklauer*, 198 Wis. 547 [224 N. W. 717]), although there is very respectable authority to the contrary. See 2 Thompson, Real Property, p. 934, § 1724, and cases cited.

"The word 'jointly' as used in common parlance is a word applicable to estates in common as well as to joint tenancy. This is due to the fact that in each the right of possession is in all of the owners equally."

At the time the above decision on rehearing was rendered by the Wisconsin court, January 10, 1933, the Wisconsin statute law, Wisconsin Statutes 1933, § 230.44, contained the same provision found in our Michigan statute (3 Comp. Laws 1929, § 12964 [Stat. Ann. § 26.44]). We quote it:

"All grants and devises of land made to two or more persons, except as provided in section 230.45, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy."

Subsequently, effective July 26, 1933, the Wisconsin legislature added the following provision to section 230.45 by Laws of Wisconsin 1931–1932–1933, chap. 437:

"(3) Any deed to two or more grantees which, by the method of describing such grantees or by the language of the granting or habendum clause therein evinces an intent to create a joint tenancy

in grantees shall be held and construed to create such joint tenancy.''

In the absence of any later decision of the Wisconsin court, and in view of the above-quoted language from its decision on the rehearing in *Weber* v. *Nedin* (210 Wis. 43 [246 N. W. 307]), *supra*, as to the effect of using the word ''jointly,'' we must conclude that *Fries* v. *Kracklauer* and *Weber* v. *Nedin, supra,* settle the law of that State. It is apparent that in Wisconsin the mere use of the word ''jointly'' in the introductory paragraph of a deed, with nothing in the granting or habendum clauses to indicate a joint tenancy, ''is not by itself a sufficient declaration of an intent to create an estate in joint tenancy to overcome the statutory presumption.''

Nor do we find in our statute and decisions any conflict of law between the two States in that regard. The Michigan statute (3 Comp. Laws 1929, § 12964 [Stat. Ann. § 26.44]) is as follows:

''All grants and devises of lands, made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.''

(The exception has no bearing on the issue before us.)

Defendant relies mainly on our decision in *Murray* v. *Kator*, 221 Mich. 101, where it was held that the insertion of the word ''jointly'' after the names of the grantees in the first paragraph of a deed established an intent to create a joint tenancy in the grantees. The factual basis controlling that decision was that the word ''jointly'' had been inserted by the grantor over a caret after the deed was prepared. The court said (p. 103):

"It is apparent from the face of the deed that the word 'jointly' was inserted after the paragraph had been written. Had it not been inserted, it is clear that an estate in common would have been created. An intent on the part of the grantors to create an estate other than in common may be inferred. In *Smith* v. *Smith,* 71 Mich. 633, 638, it was said:

" 'The object to be arrived at by courts in construing deeds or other contracts is to ascertain clearly the intention of the parties.'

"The language which follows, quoted from *French* v. *Carhart,* 1 N. Y. 96, 102, is expressive of the rule that the circumstances surrounding the preparation and execution of the deed will be considered in arriving at such intent. The word 'jointly' was inserted for some purpose."

In commenting on the above opinion, this court in *Smith* v. *Caswell,* 278 Mich. 209, 212, said:

"This is a borderline case, in view of the statute hereafter quoted, and is not to be taken as a base from which new and distant frontiers may be flung."

The question has been before this court several times since *Murray* v. *Kator, supra,* was decided. In *Kemp* v. *Sutton,* 233 Mich. 249, 258, the court said:

"Joint tenancy is not abolished in this State (3 Comp. Laws 1915, § 11561).* But devises of land to two or more persons must be construed to create estates in common unless expressly declared to be in joint tenancy, except as to mortgages, devises or grants in trust, or to executors or to husband and wife (3 Comp. Laws 1915, §§ 11562, 11563) †."

---

* 3 Comp. Laws 1929, § 12963 (Stat. Ann. § 26.43).—Reporter.
† 3 Comp. Laws 1929, §§ 12964, 12965 (Stat. Ann. §§ 26.44, 26.45).—Reporter.

In *Ball* v. *Reilly,* 253 Mich. 186, the question was before the court as to whether the testator intended to create a joint tenancy. The court, discussing the circumstances surrounding the making of the will, said (p. 189):

"The cardinal rule to be employed in the construction of a will is to ascertain the intent of the testator from a consideration of the entire instrument. This rule may be said to be somewhat qualified by the provisions of our statute (3 Comp. Laws 1915, § 11562 [3 Comp. Laws 1929, § 12964]), which reads as follows:

" 'All grants and devises of lands, made to two or more persons * * * shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.' "

Again, in *Atha* v. *Atha,* 303 Mich. 611, 615, this court repeated the rule of law as follows:

"A joint tenancy in real property cannot be established unless expressly declared in the grant or devise. 3 Comp. Laws 1929, § 12964 (Stat. Ann. § 26.44).

"Estates in joint tenancy are not favored and, since the enactment of the foregoing statute, all presumptions are against them. *Hoyt* v. *Winstanley,* 221 Mich. 515, 519."

The action of Gilbert M. Taylor in giving a mortgage on an undivided half of the property after the deed in question was executed, to secure a personal indebtedness, and the fact that the right to do so was not questioned by Johannes E. Taylor, is an indication of the construction placed on this deed by the two grantees during Gilbert's lifetime. Counsel for both parties cite many cases where conveyances were made to husband and wife. The

statute under consideration (3 Comp. Laws 1929, § 12964 [Stat. Ann. § 26.44]) does not apply to devises or grants made to husband and wife. 3 Comp. Laws 1929, § 12965 (Stat. Ann. § 26.45). We need not consider what might be the construction of the deed in question were the grantees husband and wife. See *Hoyt* v. *Winstanley,* 221 Mich. 515; *Dutcher* v. *Van Duine,* 242 Mich. 477; *Scott* v. *Grow,* 301 Mich. 226 (141 A. L. R. 819).

Under the statute, the deed in question must be considered to create a tenancy in common unless the contrary is shown. The circuit judge saw and heard the witnesses, reviewed the facts and the law in a comprehensive opinion and concluded as follows:

"After carefully considering the deed, the surrounding circumstances, the statutes and the presumptions of law, the court can arrive at but one conclusion, and that is that the deed does not create a joint tenancy and that the title of the plaintiff to an undivided one-fourth of the real estate described in the bill of complaint should be confirmed."

The decree entered in accordance therewith is affirmed, with costs to appellee.

Starr, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Reid, JJ., concurred.