SMITH _v._ CASWELL.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—WILLS—EVIDENCE.

In controversy between one of the principal beneficiaries of joint testators and heir of other principal beneficiary as to kind of estate devised plaintiff son on alleged contract to support testators, now irrevocable, question of competency of witnesses to testify as to such estate is not reviewed where will is not ambiguous insofar as mention of grantees is made.

2. WILLS—CONSTRUCTION—INTENT—ESTATE CONVEYED—ESTATES IN COMMON—JOINT TENANCY—STATUTES.

Rule that testator's intent is to be ascertained from a consideration of the entire instrument is qualified where realty is devised to two or more persons by statute providing that such devises shall be construed to create estates in common unless expressly declared to be in joint tenancy (3 Comp. Laws 1929, § 12964).

3. SAME—CONSTRUCTION—TENANCY IN COMMON.

Devise by man and wife who executed a joint will of homestead to the two of their seven children who stayed home and were caring for them in their old age _held_, devise of tenancy in common in the absence of express declaration of joint tenancy in grantees (3 Comp. Laws 1929, § 12964).

4. SAME—JOINT WILL—DEED BY SURVIVOR—TENANCY IN COMMON.

Pursuant to joint will of parents devising homestead to survivor for life and then to a son and daughter in common and deed by surviving parent in harmony with will, an undivided one-half interest was vested in daughter which, upon her death, if without will, descended to her heirs (3 Comp. Laws 1929, § 12964).

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—QUIETING TITLE—ACCOUNTING FOR TAXES.

In suit to quiet title and for an accounting for taxes as to undivided interest claimed by defendant, only the matter of title is reviewed where testimony is insufficient to permit an accounting.

Appeal from Lenawee; Rathbun (George A.), J. Submitted October 7, 1936. (Docket No. 39, Calendar No. 39,094.) Decided December 9, 1936.

Bill by John W. Smith, personally and as executor of the estate of William R. Smith and Sarah J. Smith, husband and wife, deceased, against Sarah Caswell and others to construe a will and to quiet title to real estate. Bill dismissed. Plaintiff appeals. Modified and affirmed.

*Bourns & Helme,* for plaintiff.

*Frank J. Riley,* for defendant.

FEAD, J. The suit is to construe a will and quiet title. The court dismissed the bill.

William R. and Sarah J. Smith, husband and wife, owned a 40-acre farm by the entireties. They had seven children, two of whom, plaintiff and Martha, both unmarried, lived at home during their parents' lives and afterwards.

March 28, 1908, William and Sarah executed a joint will, the opening words of which are:

"I, William R. Smith, and Sarah J. Smith, Hus-
Jointly
band and wife," etc.

It provided:

"Second, We give, devise and bequeath to John W. Smith and Martha A. Smith, our son and daughter all our real estate, consisting of 40 Acres of land situate on the northeast quarter, of the northeast quarter of section 6 town 7 south of range 5 east."

Then followed the bequest of all the household goods and furniture to Martha, declaration that on

the death of one testator the survivor should have control of the premises and support therefrom for life, direction that within three months after the death of both testators the executor should pay $200 to each of the five children, other than plaintiff and Martha, and—"our son John W. Smith shall also have our personal property consisting of horses cattle, and farming implements, and he is to support us during our natural lifes pay taxes from now on, and assume what debts there is now, not exceeding one hundred dollars and pay our funeral expenses and doctor bills, and to put up a suitable monument at our cemetery lot."

The will appointed plaintiff as executor. It was drafted by a local justice of the peace.

Plaintiff took charge of the farm at once after execution of the will and it is undisputed that he supported his parents until they died, William on August 27, 1909, and Sarah on November 15, 1910. Martha continued to live on the farm until her death, January 24, 1931. Defendant Sarah Caswell is Martha's daughter, born in 1914, and she also lived on the farm until her mother's death.

October 10, 1910, Sarah J. Smith, as survivor of herself and William, conveyed the real estate to John W. Smith and Martha A. Smith by ordinary warranty deed. It is conceded that this instrument, if effective, would convey a tenancy in common. July 30, 1934, the joint will was admitted to probate in two separate proceedings as the will of each testator and plaintiff was appointed executor in each.

Plaintiff's contentions are that the will was a contract for conveyance of the farm to himself and Martha in joint tenancy, in consideration of his support of his parents; that, being contractual and the contract having been performed by him, it was irrev-

ocable; that, consequently, the later deed of the mother conveying to himself and Martha a tenancy in common was ineffective; and on Martha's death he took title to the whole as survivor.

He offered testimony to the effect that the agreement between himself and his parents contemplated a devise in joint tenancy, with right of survivorship. We need not pass upon the competency of the witnesses to so testify. Under familiar rules it could not change the will as written nor affect it except in case of ambiguity. The only claimed ambiguity is in the use of the word "jointly."

Plaintiff relies on *Murray* v. *Kator,* 221 Mich. 101, in which this court held that a conveyance to two sisters "jointly" created a joint tenancy. This is a borderline case, in view of the statute hereafter quoted, and is not to be taken as a base from which new and distant frontiers may be flung. It is readily distinguishable. There, "jointly" was attached to the grantees. At bar, the word adheres to the grantors, pertinently and naturally to designate the joint character of the will rather than the character of the estate conveyed, and no qualifications are attached to the grantees nor the estate created.

In *Ball* v. *Reilly,* 253 Mich. 186, more nearly in point in designation of the grantees, the court recognized that the rule in construction of a will is to ascertain the intent of the testator from a consideration of the entire instrument but that the rule is qualified by the fact that under our statute estates in joint tenancy are not favored and all presumptions are against them. 3 Comp. Laws 1929, § 12964, provides:

"All grants and devises of land, made to two or more persons, * * * shall be construed to create

estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.''

Under the statute the estate created by the instant will would be a tenancy in common and not a joint tenancy because no joint tenancy is expressly declared.

Consideration of the four corners of the will demonstrates no such connection between the grant of real estate and the other provisions of the instrument as to indicate that the latter affect or modify the former. It does not evidence an intent to create a permanent community of interest and obligation in plaintiff and Martha. On the contrary, it charges the legacies of the other children to the estate itself, then makes specific division and separation of the personal property as between plaintiff and Martha and charges plaintiff alone with the parents' support and payment of the debts and expenses. The tenor of the will is that upon the death of the surviving parent final division should be made.

The will, if it had become operative upon real estate, would have conveyed an estate in common. The subsequent deed from the mother to plaintiff and Martha was in harmony with the will and, therefore, did not violate any contract of which the will was a part but operated to hasten the vesting by conveyance of a similar estate. Consequently, by virtue of the deed, Martha took an undivided one-half interest in the premises which, upon her death, if without will, descended to her heirs.

Plaintiff asks also for an accounting from defendant Caswell for taxes paid by him on the land, of which she claims an undivided one-half interest as sole heir of Martha. The testimony made is not sufficient to permit such accounting but, in view of all

the circumstances disclosed in the record, we feel that only the matter of title should be here disposed of and all other rights of the parties be reserved to them.

The decree dismissing the bill will be affirmed, with costs, but with the modification that it is without prejudice to such future action as the parties may be advised.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.