**STATE of Minnesota, Plaintiff, Appellant,**

v.

**Christina Joy BOTSFORD, Defendant, Respondent.**

Nos. C6–00–2209, C7–00–2221.

Court of Appeals of Minnesota.

June 26, 2001.

Review Denied Sept. 11, 200.

Mike Hatch, Attorney General, St. Paul, MN; and Jay M. Heffern, Minneapolis City Attorney, Gretchen A. Zettler, Assistant City Attorney, Minneapolis, MN, (for appellant).

Randall D.B. Tigue, Randall Tigue Law Office, P.A., Minneapolis, MN, (for respondent).

Considered and decided by TOUSSAINT, Chief Judge, KALITOWSKI, Judge, and LINDBERG, Judge.*

## OPINION

KALITOWSKI, Judge

The City of Minneapolis contends the district court erred in granting respondent's motion to dismiss a charge of indecent conduct pursuant to Minneapolis, Minn., Code of Ordinances § 385.160(b) (2001), arguing that the language of section (b) prohibiting "other sexual conduct"

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

is not unconstitutionally overbroad. The district court also certified as important and doubtful the question of whether appellant must establish that respondent's conduct was legally obscene in order to prove respondent's conduct was "lewd or lascivious" or "indecent or lascivious" in violation of Minneapolis, Minn., Code of Ordinances § 385.160(a), (c) (2001).

## FACTS

On March 8, 2000, several Minneapolis police officers were engaged in an undercover investigation of alleged illegal activity occurring at Rick's Cabaret, a nightclub located in Minneapolis. While in the VIP lounge of Rick's Cabaret, an officer observed respondent Christina Joy Botsford performing a lap dance for a male customer. The officer alleges that (1) respondent rubbed her bare breasts across the customer's face; (2) the customer grabbed and rubbed respondent's bare buttocks; and (3) the customer paid respondent for the lap dance. Respondent disputes the allegation that she rubbed her breasts across the customer's face.

On June 8, 2000, respondent was charged with indecent conduct in violation of Minneapolis, Minn., Code of Ordinances § 385.160(a)-(d) (2001). The complaint alleged that respondent

in a public place, engage[d] in, or offere[d] or attempt[ed] to engage in * * * (a) lewd or lascivious conduct; (b) sexual intercourse or other sexual conduct; (c) indecent or lascivious exposure or use of the human body, or any part thereof; or (d) fondling the unclothed genitals of himself or herself or another person.

Respondent filed a motion to dismiss the criminal complaint on July 14, 2000, and the motion was denied. On September 6, 2000, appellant withdrew its allegation that

respondent had violated ordinance 385.160(d).

Respondent filed a second motion to dismiss on November 2, 2000, arguing that ordinance 385.160(b) was unconstitutionally overbroad. On November 9, 2000, respondent amended her motion to dismiss to include the allegation that appellant would not be able to demonstrate that she had violated ordinances 385.160(a) and (c) because it could not establish that her conduct was legally obscene.

The parties appeared before the district court for trial on November 6 and 7, 2000. On December 18, 2000, the district court issued an order granting respondent's motion to dismiss the charge of indecent conduct pursuant to ordinance 385.160(b). The district court denied respondent's motion to dismiss the charges of indecent conduct pursuant to ordinances 385.160(a) and (c) and certified the following question to this court as important and doubtful:

[I]s the state required, in order to prove [respondent's] conduct "lewd and lascivious" or "lascivious and indecent" under the ordinances in question, to prove that her performance was legally obscene under *Miller v. California* * * *?

On January 22, 2001, this court consolidated appellant's appeal from the December 18 order with the certified question.

## ISSUES

1. Is the language of Minneapolis, Minn., Code of Ordinances § 385.160(b) (2001), prohibiting "other sexual conduct," unconstitutionally overbroad?

2. Is appellant required to prove that respondent's performance was legally obscene in order to establish that her conduct was indecent, lewd, or lascivious?

## ANALYSIS

### I.

■ The constitutionality of an ordinance is a question of law, which this court reviews de novo. *State v. Stallman,* 519 N.W.2d 903, 906 (Minn.App.1994). Ordinarily, ordinances are "afforded a presumption of constitutionality, [but] ordinances restricting First Amendment rights are not so presumed." *State v. Castellano,* 506 N.W.2d 641, 644 (Minn.App.1993) (citation omitted). "The burden of proving the need of such a law rests with the government." *Id.* (citation omitted).

> A statute is overbroad on its face if it prohibits constitutionally protected activity, in addition to activity that may be prohibited without offending constitutional rights.

*State v. Machholz,* 574 N.W.2d 415, 419 (Minn.1998) (citation omitted). The overbreadth doctrine is a departure from general standing rules in that it permits a party to challenge a regulation "both on its face and as applied to the defendant." *Id.* (citations omitted). This departure is

> based on an appreciation that the very existence of some broadly written laws, has the potential to chill the expressive activity of others not before the court.

*Castellano,* 506 N.W.2d at 645 (quotation omitted).

■ An ordinance "should only be overturned as facially overbroad when the [ordinance's] overbreadth is substantial." *Machholz,* 574 N.W.2d at 419 (citation omitted); *see also Castellano,* 506 N.W.2d at 645.

> [B]ecause the overbreadth doctrine has the potential to void an entire statute, it should be applied "only as a last resort" and only if the degree of overbreadth is substantial and the statute is not subject to a limiting construction.

*Machholz,* 574 N.W.2d at 419 (citation omitted).

■ Before this court may address a "facial overbreadth challenge, [it] must determine whether the statute in question implicates the First Amendment." *Id.* (noting that no constitutional question is raised if the First Amendment is not implicated).

> First Amendment protection is not limited to the written or spoken word; it extends to some expressive activity because the activity by itself may be communicative.

*Id.* at 419 (citations omitted). To determine "whether conduct is sufficiently expressive to merit First Amendment protection" this court must consider

> whether an intent to convey a particularized message was present, and in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it.

*Id.* at 419–20 (quotation omitted).

■ Section (b) of the ordinance at issue makes it a violation for a person to "engage in, or offer or attempt to engage in * * * [s]exual intercourse or other sexual conduct" in a public place. Minneapolis, Minn., Code of Ordinances § 385.160 (2001). Courts have previously held that nude, barroom dancing is expressive conduct deserving of limited constitutional protection. *City of Erie v. Pap's A.M.,* 529 U.S. 277, 289, 120 S.Ct. 1382, 1391, 146 L.Ed.2d 265 (2000) (noting that nude dancing falls within the outer perimeter of First Amendment protection); *Knudtson v. City of Coates,* 519 N.W.2d 166, 169 (Minn.1994) (stating that nude dancing is expressive conduct entitled to constitutional protection). Respondent was engaged in nude dancing before an audience who had paid to view her performance. She contends ordinance 385.160(b) implicates First Amendment protections

because certain forms of sexual conduct are sufficiently expressive to be considered speech. We agree.

The district court concluded that ordinance 385.160(b) is unconstitutionally overbroad because the phrase "other sexual conduct" is not defined and it, therefore, could proscribe constitutionally protected conduct. We agree. Because section 385.160(b) does not include a definition of "other sexual conduct," certain expressions of protected sexual conduct, including theatrical or dance performances involving sexually explicit conduct, arguably may be prohibited.

■■■■■ For the first time on appeal, appellant contends that ordinance 385.160(b) is not overbroad because "sexual conduct" may be defined by referring to the Minnesota Statutes. Minneapolis, Minn., Code of Ordinances § 3.50 (2001) provides:

> Unless clearly in conflict with definitions or other provisions of this Code or otherwise clearly inapplicable, definitions established for the State of Minnesota by statute or case law shall apply to this Code.

Because appellant did not present this argument to the district court, the issue is not properly before us. *Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996). Moreover, using the state definition of "sexual conduct" in Minn.Stat. § 617.241, subd. 1(b)(iv) (2000), is not appropriate because unlike the ordinance at issue, the state statute does not prohibit all "sexual conduct" in public. Thus, the state definition includes constitutionally protected activity, which cannot be prohibited by ordinance.

Finally, the statutory definition should not be applied to ordinance 385.160(b) because the record indicates that the City of Minneapolis knew how to define sexual conduct for other violations, but simply chose not to do so in the ordinance at issue. *See* Minneapolis, Minn., Code of Ordinances § 385.130 (2001) (prohibiting distribution of obscene materials); Minneapolis, Minn., Code of Ordinances § 385.131 (2001) (prohibiting distribution of harmful materials to minors). Because section 385.160(b) fails to define "other sexual conduct," we conclude that the district court properly determined that the section of the ordinance prohibiting public acts, offers, or attempts to engage in "other sexual conduct" is unconstitutionally overbroad on its face.

## II.

■■■■■ An appeal may be taken to this court from an order denying a motion to dismiss if the district court certifies that the question presented is important and doubtful. Minn. R. Civ.App. P. 103.03(h). The importance of a question "increases with the probability that resolution of the question will have statewide impact and the probability of reversal." *Proprietors Ins. Co. v. Cohen*, 451 N.W.2d 904, 906 (Minn.App.1990) (quotation omitted). "A question is doubtful where there is no controlling precedent." *Id.* (quotation omitted). Answering the question presented to this court will have statewide impact because many cities and towns in Minnesota have adopted ordinances regulating lewd and lascivious conduct. In addition, because there are no cases delineating a standard by which to judge lewd or lascivious conduct, the question is doubtful.

■■■■ The district court concluded that the test for obscenity set forth in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), must be applied to all cases involving allegations of lewd and lascivious behavior. We agree. In *State v. Duncan*, this court held that "lewd and lascivious behavior is synonymous with obscene behavior." *State v. Duncan*, 605

N.W.2d 745, 750 (Minn.App.2000), *review denied* (Minn. Apr. 18, 2000); *see Miller*, 413 U.S. at 24–25, 93 S.Ct. at 2615. In *Duncan*, nude dancers were arrested for making "intimate physical contact on or near the patrons' faces, including contacts while wrapping their legs around the patrons' necks." *Duncan*, 605 N.W.2d at 747. These dancers challenged their charges of indecent exposure in violation of Minn.Stat. § 617.23, arguing that the statute was overbroad. *Id.* at 749. This court rejected the dancers' constitutional argument by determining that the First Amendment did not protect lewd and lascivious conduct because it is obscene. *Id.* at 749–50. The court in *Duncan* explained:

> The statute forbids engaging in public display of lewd, lascivious, or other indecent behavior. We can identify no authority distinguishing lewd and lascivious behavior from what is otherwise identified as obscene.

*Id.* at 749 (citations omitted).

The words "lewd" and "lascivious" are defined as "obscene." *Black's Law Dictionary* 886, 919 (7th ed.1999); *see also The American Heritage Dictionary* 1016, 1035 (3rd ed.1992) (defining "lewd" as "obscene" and "lascivious" as "[g]iven to expressing lust"). But the word "obscene" has a particular judicial meaning distinct from how it is traditionally used in the English language. *See Miller*, 413 U.S. at 18 n. 2, 93 S.Ct. at 2612 n. 2 (noting that the definition of obscene material is derived from *Roth v. United States*, 354 U.S. 476, 487, 77 S.Ct. 1304, 1310, 1 L.Ed.2d 1498 (1957)). Regarding the government's regulation of obscenity, the supreme court has held that the word "obscene" is not "meaningfully defined except in constitutional terms." *State v. Welke*, 298 Minn. 402, 407, 216 N.W.2d 641, 645–46 (1974). Because this court has concluded that the terms lewd

and lascivious are synonymous with obscene, we hold that the regulation of such conduct by ordinance or statute must conform to the guidelines set forth in *Miller*. *See id.* at 407, 216 N.W.2d 641, 216 N.W.2d at 645–46.

■ *Miller* limits a state's regulation of obscene expression to

> works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.

*Miller*, 413 U.S. at 24, 93 S.Ct. at 2615. Something that is sexually expressive is not necessarily obscene. *Sable Communications of Cal., Inc. v. FCC*, 492 U.S. 115 126, 109 S.Ct. 2829, 2836, 106 L.Ed.2d 93 (1989). Without applying the *Miller* guidelines as a limitation to Minneapolis, Minn., Code of Ordinances § 385.160(a), (c) (2001), a trier of fact has no discernible standard by which to ensure that public displays of nonobscene, sexually explicit conduct are not improperly prohibited by the state. *See Miller*, 413 U.S. at 24, 93 S.Ct. at 2615; *United States v. Bausch*, 140 F.3d 739, 741 (8th Cir.1998) (stating that the First Amendment protects nonobscene, sexually explicit material involving adults). Because not all sexual conduct is obscene, we hold that application of the *Miller* obscenity standards is the only way to ensure that the regulation of "lewd" and "lascivious" conduct pursuant to sections 385.160(a) and (c) conforms to the constitution.

We note that our holding here does not suggest that all displays of nonobscene, sexual conduct are beyond the reach of government regulation. To the contrary, the Supreme Court has recognized that

> when speech and nonspeech elements are combined in the same course of conduct, a sufficiently important govern-

mental interest in regulating the non-speech element can justify incidental limitations on First Amendment freedoms.

*United States v. O'Brien*, 391 U.S. 367, 376, 88 S.Ct. 1673, 1678–79, 20 L.Ed.2d 672 (1968) (quotations omitted). Moreover, there are other state statutes that appropriately regulate the exchange of money for certain sexual acts. *See e.g.*, Minn. Stat § 609.324 (2000) (regulating prostitution).

 Finally, respondent contends that because appellant does not possess a videotape of her performance, it is unable to prove that her conduct was obscene and thus we should order a dismissal of the charges of indecent conduct pursuant to ordinances 385.160(a) and (c). We disagree. To challenge a district court ruling, a respondent has to file a notice of review, "[e]ven if the judgment below is ultimately in its favor." *City of Ramsey v. Holmberg*, 548 N.W.2d 302, 305 (Minn. App.1996) (citation omitted), *review denied* (Minn. Aug. 6, 1996). "If a party fails to file a notice of review * * *, the issue is not preserved for appeal and a reviewing court cannot address it." *Id.* (citation omitted). Here, the district court ruled that appellant is not required to provide a videotape of respondent's live performance to establish that her conduct was lewd and lascivious. Because appellant did not file a notice of review, this issue is not properly before us.

### DECISION

Because Minneapolis, Minn., Code of Ordinances § 385.160(b) (2001) does not provide a definition of "other sexual conduct," the section of the ordinance regulating such conduct is unconstitutionally overbroad. We answer the certified question in the affirmative and hold that under its ordinance, Minneapolis is required to prove that conduct is legally obscene to establish that the conduct is lewd and lascivious.

**Affirmed; certified question answered in the affirmative.**