STATE of Minnesota, Respondent,

v.

Patricia Josephine STOCKWELL,
Appellant.

No. A08–1900.

Court of Appeals of Minnesota.

Aug. 11, 2009.

Lori Swanson, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN; and Mark A. Ostrem, Olmsted County Attorney, Rochester, MN, for respondent.

Frederick J. Goetz, Goetz & Eckland, P.A., Minneapolis, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; WORKE, Judge; and COLLINS, Judge.*

## OPINION

MINGE, Judge.

Appellant Patricia Stockwell appeals her conviction of felony stalking, arguing that (1) the statute is overbroad in violation of the First Amendment, both on its face and as applied; (2) the statute is unconstitutionally vague; and (3) there was insufficient evidence to support her conviction. We affirm.

## FACTS

MH is a Muslim woman who immigrated to the United States from Somalia in 1994, and wears a headscarf. On September 12, 2006, MH was driving on a four-lane road in Rochester to her place of employment when she noticed a blue van following extremely close. According to MH, the van was virtually on her bumper and continued to follow her just as closely after two turns and numerous opportunities to pass.

MH testified that when she made a left turn into her workplace parking lot, the van had to wait for oncoming traffic before turning to follow her. Then the van continued to follow MH into the parking lot. MH quickly parked and rushed toward the building. The driver of the van, later identified as appellant, pulled up to the entrance of the building and rolled down her window. MH further testified that the driver assumed that she was Muslim, confronted her about Islamic terrorism and her Islamic religious beliefs, and told MH that she felt like killing her.

Appellant's testimony provided a different version of events. Appellant acknowledged that she was driving a van on September 12, 2006, to pick up her son from driving school, which was located across the street from MH's workplace. Appellant testified that she was parked at the driving school when she observed MH walking from her car to her workplace door. Appellant testified that she noticed MH because of her headscarf. According to appellant, she drove across the street and into the parking lot to speak with MH. Appellant testified that she did not intend to cause appellant any fear, but stated that she had strong feelings about radical Islam and wished to share a message with other people about radical Islam. Appellant denied following MH or being angry.

At trial, appellant admitted that she was not truthful when she initially told the police that she had never confronted a Muslim woman and had never been in the parking lot of the building where MH worked.

A jury found appellant guilty of one count of felony stalking under Minn.Stat. § 609.749, subds. 2(a)(2), 3(a)(1) (2006), and acquitted her of harassment and disorderly conduct. The district court granted appellant's request for a downward durational departure and imposed a 365–day sentence, stayed for two years. This appeal follows.

## ISSUES

I. Is Minn.Stat. § 609.749, subd. 2(a)(2) unconstitutionally overbroad on its face or as applied, because it can be applied to expressive conduct?

II. Is Minn.Stat. § 609.749, subd. 2(a)(2), unconstitutionally vague?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

III. Was the evidence sufficient to support the conviction of felony stalking?

## ANALYSIS

### I.

■ The first issue is whether Minn. Stat. § 609.749, subd. 2(a)(2) is unconstitutionally overbroad on its face and as applied to appellant. Constitutional challenges are questions of law, which this court reviews de novo. *State v. Bussmann*, 741 N.W.2d 79, 82 (Minn.2007). "Minnesota statutes are presumed constitutional, and our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989). However, a statute which restricts First Amendment rights is not presumed constitutional. *State v. Botsford*, 630 N.W.2d 11, 15 (Minn. App.2001), *review denied* (Minn. Sept. 11, 2001).

■ As a threshold matter, this court must determine whether the statute in question implicates the First Amendment. *State v. Machholz*, 574 N.W.2d 415, 419 (Minn.1998). The Supreme Court has held that the party challenging a statute bears the initial burden of demonstrating that the First Amendment is implicated because "[t]o hold otherwise would be to create a rule that all conduct is presumptively expressive." *Clark v. Cmty. for Creative Non–Violence*, 468 U.S. 288, 293 n. 5, 104 S.Ct. 3065, 3069 n. 5, 82 L.Ed.2d 221 (1984). "First Amendment protection is not limited to the written or spoken word; it extends to some expressive activity, because the activity by itself may be communicative." *Machholz*, 574 N.W.2d at 419. To determine if conduct is sufficiently expressive to receive the protec-

tions of the First Amendment, we look to see whether "[a]n intent to convey a particularized message was present, and in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." *Spence v. Washington*, 418 U.S. 405, 410–11, 94 S.Ct. 2727, 2730, 41 L.Ed.2d 842 (1974); *see also State v. Miner*, 556 N.W.2d 578, 582 (Minn.App.1996), *review denied* (Minn. Feb. 26, 1997).

Minnesota law defines the following as a crime:

> (a) A person who harasses another by committing any of the following acts is guilty of a gross misdemeanor: [1]
>
> . . . .
>
> (2) stalks, follows, monitors, or pursues another, whether in person or through technological or other means[.]

Minn.Stat. § 609.749, subd. 2(a)(2). Harass is a defined term:

> As used in this section, "harass" means to engage in intentional conduct which:
>
> (1) the actor knows or has reason to know would cause the victim under the circumstances to feel frightened, threatened, oppressed, persecuted, or intimidated; and
>
> (2) causes this reaction on the part of the victim.

Minn.Stat. § 609.749, subd. 1 (2006). The statute also contains a general savings clause which states:

> Conduct is not a crime under this section if it is ... protected by state or federal law or the state or federal constitutions. Subdivision 2, clause (2), does not impair the right of any individual or group to engage in speech protected by the federal Constitution, the state Con-

---

1. A person is guilty of felony stalking if he or she commits the stalking or harassing con-

duct because of the person's religion. Minn. Stat. § 609.749, subd. 3(a)(1) (2006).

stitution, or federal or state law, including peaceful and lawful handbilling and picketing.

Minn.Stat. § 609.749, subd. 7 (2006).

Appellant argues that this stalking statute implicates the First Amendment because the statute is directed at conduct intended to harass, and is therefore directed at expressive conduct. The stalking provision of section 609.749, subdivision 2(a)(2), identifies the conduct it prohibits. Despite this focus on particular forms of conduct, we recognize that the statute may impact expressive conduct and therefore address appellant's facial-overbreadth and as-applied challenges.

*Overbreadth*

■■■ "A statute is overbroad on its face if it prohibits constitutionally protected activity, in addition to activity that may be prohibited without offending constitutional rights." *Machholz*, 574 N.W.2d at 419. "[B]ecause the overbreadth doctrine has the potential to void an entire statute, it should be applied 'only as a last resort' and only if the degree of overbreadth is substantial and the statute is not subject to a limiting construction." *Id.* (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 603, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973)).

In *Dunham v. Roer*, this court considered the harassment-restraining-order statute and we cited with approval a decision from the Second Circuit Court of Appeals evaluating a federal harassment law. 708 N.W.2d 552, 565 (Minn.App.2006) (citing *Gormley v. Dir., Conn. State Dep't. of Prob.*, 632 F.2d 938 (2nd Cir.1980)). The court in *Gormley* held that the state can regulate conduct that is invasive of the privacy of another, even if the conduct could arguably be deemed communicative. *Gormley*, 632 F.2d at 942. The statute upheld by the *Gormley* court provided

that: "A person is guilty of harassment when ... (3) with intent to harass, annoy or alarm another person, he makes a telephone call, whether or not a conversation ensues, in a manner likely to cause annoyance or alarm." *Id.* at 940 n. 1 (citation omitted). In upholding the statute, the *Gormley* court explained:

> To run afoul of the statute, a telephone call must be made not merely to communicate, but with intent to harass, annoy or alarm and in a manner likely to cause annoyance or alarm. Whether speech actually occurs is irrelevant, since the statute proscribes conduct, whether or not a conversation actually ensues.

*Id.* at 942 (quotations omitted). The court held that the statute did not violate the First Amendment because the focus of the statute was on conduct that intruded on the privacy of another. *Id.*

In *Dunham*, this court held that the harassment-restraining-order statute was not overbroad on its face because the "statute only regulates speech or conduct that constitutes 'fighting words,' 'true threats,' or substantial invasion of one's privacy[.]" 708 N.W.2d at 566. We noted that the harassment-restraining-order statute required both "(1) *repeated* intrusive or unwanted acts, words, or gestures and (2) a *substantial* adverse effect or an intent to adversely affect the safety, security, or privacy of another." *Id.* Like the statute at issue in *Gormley*, the focus of Minnesota's stalking statute is the specific form of conduct; whether the conduct is expressive is irrelevant to the application of the statute.

■■■ Appellant argues that the Minnesota Supreme Court's reasoning in *Machholz* compels a conclusion that the stalking statute is facially overbroad. *Machholz* invali-

dated a now repealed catch-all provision[2] of the harassment statute that made it a crime for a person to "engage[ ] in any other harassing conduct that interferes with another person or intrudes on the person's privacy or liberty." 574 N.W.2d at 419. The court in *Machholz* determined that, although that statutory language was specifically directed at harassing conduct, the broad reach of the catch-all statutory language was not limited to nonexpressive conduct and criminalized *"any and all intentional conduct causing a reasonable person to feel oppressed, persecuted, or intimidated, if that conduct interferes with the person's privacy or liberty." Id.* at 420.

Further, the supreme court in *Machholz* held that the general savings provision in the first sentence of subdivision 7 could not substantively operate to avoid the constitutional question because the savings clause was only a restatement of well settled constitutional restrictions on the construction of statutory enactments. *Id.* at 421 n. 4. The supreme court also cited a long list of examples that would have been impermissibly criminalized by the catch-all provision of the harassment statute. *Id.* at 420–21. For example, the supreme court noted that the provision would criminalize a supervisor's act of yelling at an employee with the intent to intimidate the employee. *Id.* The supreme court held that a statute drawn so broadly fails under a facial overbreadth challenge and that the broad language of the provision did not allow for a limiting construction. *Id.* at 420–21. In declaring the provision unconstitutional on its face, our supreme court was careful to emphasize that it was only addressing the broad language of that provision. *Id.* at 418 n. 3.

Unlike the catch-all harassment language at issue in *Machholz,* the statute before us is different. Here, the stalking provision is limited to the conduct of stalking, following, monitoring, or pursuing. Not only does the statute focus on conduct, but the statute requires that the offender both "knows or has reason to know [the conduct] will cause the victim ... to feel frightened, threatened, oppressed, persecuted, or intimidated" and actually causes this reaction. Minn.Stat. § 609.749, subd. 1.

We also note that *Machholz* dismissed as unhelpful a version of subdivision 7 that contained a broader savings clause without examples. *See Machholz,* 574 N.W.2d at 421 n. 4. *Machholz* did not address the provision of subdivision 7 that limits the conduct made criminal by the stalking provision. The last sentence of subdivision 7 not only emphasizes that the stalking provision is *not to impair* protected speech but also gives specific examples. This both limits the reach of the stalking offense and provides guidance to prosecutors and the courts in applying the law. In this fashion, subdivision 7 goes beyond the savings-clause function rejected in *Machholz.*

This redrawn statute balances the security and privacy rights of the victim against the harasser's right to communicate. In this setting, with the focus on conduct, the First Amendment right is recognized. Because the statutory provision is specific as to the forms of conduct proscribed, because it requires that the actor knows her conduct will cause fear and causes that reaction, and because it is subject to a limiting construction, we conclude that the degree of overbreadth is not sufficiently substantial to require a holding

---

**2.** The provision at issue was the former Minn. Stat. § 609.749, subd. 2(7) (1996). This provision was repealed in 1998, shortly after and in response to the *Machholz* decision. 1998 Minn. Law ch. 367, art. 2, §§ 23, 24.

that the statute is unconstitutional on its face.

*As Applied*

 Appellant argues that even if this court does not void the statute under the overbreadth doctrine, the statute violated her First Amendment rights. As a threshold question, we must determine if the conduct of appellant was "sufficiently imbued with elements of communication" to fall within the scope of the First Amendment. *Spence,* 418 U.S. at 409, 94 S.Ct. at 2730.

Appellant argues that, because she was acquitted of disorderly conduct and harassment under section 609.749, subdivision 2(a)(1), the words exchanged between appellant and MH were not "fighting words" or "true threats," and therefore the statute has unconstitutionally criminalized her communications with MH. However, the record reflects that appellant's conviction for stalking was based on appellant's driving conduct and not her words in the parking lot. What was said to appellant in the parking lot was not relevant to the conviction other than to enhance the conviction on the grounds that appellant followed and pursued MH because of MH's religion. *See* Minn.Stat. § 609.749, subd. 3(a)(1) (aggravating violation based on victims perceived religion).

Appellant's driving conduct is outside the protections of the First Amendment because, even assuming that appellant intended to convey a particularized message in following and pursuing MH in a bumper-to-bumper fashion for several blocks and into MH's workplace parking lot, a reasonable person would not understand the message that appellant was trying to convey when viewing the conduct. Rather, this conduct was dangerous and intimidating because of its aggressive nature. Because the conduct underlying appellant's conviction was not expressive conduct, the challenge to the statute as applied to appellant fails.

## II.

The second issue is whether Minn.Stat. § 609.749, subd. 2(a)(2), is unconstitutionally vague in violation of appellant's right to due process.

 The United States and Minnesota constitutions provide that no person shall be held to answer for a criminal offense without due process of law. U.S. Const. amend. V, XIV; Minn. Const. art. I, § 7. "The void-for-vagueness doctrine requires that a legislative enactment define a criminal offense with sufficient definiteness and certainty that 'ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " *State v. Reha,* 483 N.W.2d 688, 690–91 (Minn.1992) (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). The doctrine is "based in fairness and is not designed to 'convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.' " *Id.* at 691 (quoting *Colten v. Kentucky,* 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972)). The touchstone for the fair-warning requirement is "whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier,* 520 U.S. 259, 267, 117 S.Ct. 1219, 1225, 137 L.Ed.2d 432 (1997).

*Following or Pursuing*

 Appellant argues that the statute criminalizes following or pursuing, but

does not provide guidance as to what constitutes illegal following or pursuing. Appellant contends that a defendant could be found guilty of stalking "based upon a single incident when [a defendant] followed another person for a distance of a half a block or less," and that without further guidance as to the distance that a defendant would have to follow someone in order to be found guilty, the statute is impermissibly vague and encourages arbitrary and discriminatory enforcement.

In her brief, appellant cites only the portion of the statute that discusses following and pursuing. The statute, however, does not criminalize the mere act of following someone but instead criminalizes the act of *harassing* someone through stalking, following, monitoring, or pursuing. Minn.Stat. § 609.749, subd. 1, 2(a)(2). A Connecticut court, examining a similar statute, held that the word "follow" did not render the statute unconstitutionally vague. *State v. Culmo,* 43 Conn.Supp. 46, 642 A.2d 90, 98–99 (1993). In reaching that conclusion, the court reasoned that the word "follow" "does not encompass aimless, unintentional, accidental or lawful ... following" because the statute required that the following be "willful" and, in that case, "repeated." *Id.*

While a person can be convicted for a single act of stalking under the stalking-harassment provision of the Minnesota statute, Minnesota, like Connecticut, requires an element of intent because the statute requires that a person be *harassing* someone by following them. As previously stated, to harass "means to engage in intentional conduct which: (1) the actor *knows or has reason to know* would cause the victim under the circumstances to feel frightened, threatened, oppressed, persecuted, or intimidated; and (2) causes this reaction on the part of the victim." Minn. Stat. § 609.749, subd. 1 (emphasis added).

Further, the words "follow" and "pursue" must be read as a part of a list of other prohibited conduct that includes stalking and monitoring and as not impairing stated protected speech which is excluded by subdivision 7. The statute, when read as a whole, does not criminalize the mere following of a person. Rather, the statute provides sufficient clarity such that an ordinary person could understand what conduct is prohibited.

Here, appellant's conduct of aggressively pursuing MH in a vehicle for several blocks clearly falls within the statute's prohibitions. Therefore, we conclude that appellant's primary void-for-vagueness argument fails. *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.").

*Reason to Know*

In her reply brief, appellant argues for the first time that the stalking statute is unconstitutionally vague because the "reason to know" provision of section 609.749, subdivision 1 lacks any definition or standard as to the state-of-mind required. Generally arguments not made in appellant's principal brief will be deemed waived. *See Balder v. Haley,* 399 N.W.2d 77, 80 (Minn.1987) (stating that issues not briefed are waived); *McIntire v. State,* 458 N.W.2d 714, 717 n. 2 (Minn.App.1990) (stating arguments not made in appellant's brief may not be revived in a reply brief), *review denied* (Minn. Sept. 28, 1990). Because appellant failed to raise this issue in her principal brief, we do not address this issue on appeal.

### III.

The third issue is whether the evidence was sufficient to support the convic-

tion of felony stalking. In considering a claim of insufficient evidence, this court's review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to allow the jurors to reach the verdict that they did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989). The reviewing court must assume that the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore*, 438 N.W.2d 101, 108 (Minn.1989). This is especially true when resolution of the matter depends mainly on conflicting testimony. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980). We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476–77 (Minn.2004).

The stalking statute requires that appellant harass another by committing any of the following acts: "stalks, follows, monitors, or pursues another, whether in person or through technological or other means." Minn.Stat. § 609.749, subd. 2(a)(2). The stalking statute does not require that there be a pattern of this conduct. Testimony was presented at trial that appellant: (1) followed MH dangerously close for several blocks; (2) refused to pass when provided an opportunity; (3) continued to follow MH into her workplace parking lot; (4) accosted MH; and (5) made threatening statements to MH based on her apparent religion.

Based on this testimony, the evidence, when viewed in the light most favorable to the verdict, would support a conclusion that, at minimum, appellant followed or pursued MH by car in an aggressive and dangerous manner. Further, the same ev-

idence would support a jury's conclusion, beyond a reasonable doubt, that appellant knew or had reason to know that her driving conduct would cause MH to feel frightened, threatened, oppressed, persecuted, or intimidated. MH clearly testified that she knew that she was being followed dangerously close by appellant and that this caused her to feel frightened. It is uncontested that appellant sought out MH because of MH's headscarf and appellant's belief that MH followed the Islamic faith. The record supports the jury's conclusion that appellant was guilty of stalking under Minn.Stat. § 609.749, subd. 2(a)(2).

Finally, appellant argues that the jury's rejection of the felony-harassment and disorderly-conduct charges show that the jury did not accept MH's testimony as to the events. The Minnesota Supreme Court has observed that the jury " 'is free to accept part and reject part of a witness' testimony.' " *State v. Johnson*, 568 N.W.2d 426, 436 (Minn.1997) (quoting *State v. Poganski*, 257 N.W.2d 578, 581 (Minn.1977)). Logical inconsistencies between a verdict of guilty on one count and an acquittal on another count do not entitle a defendant to a new trial. *State v. Leake*, 699 N.W.2d 312, 326 (Minn.2005). The verdicts here are not inconsistent, nor do they reflect a wholesale rejection of MH's testimony.

## DECISION

We conclude that Minn.Stat. § 609.749, subd. 2(a)(2) is not unconstitutionally overbroad or vague on its face, and is not unconstitutional as applied to appellant. Because appellant's conviction was supported by sufficient evidence, we affirm.

**Affirmed.**