*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0307**

State of Minnesota,
Respondent,

vs.

Joseph Nickolas Mousel,
Appellant.

**Filed January 20, 2015
Affirmed
Connolly, Judge**

Dakota County District Court
File No. 19AV-CR-12-5402

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Alina Schwartz, Campbell Knutson, P.A., Lakeville City Attorney, Eagan, Minnesota
(for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Stephen L. Smith, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Halbrooks, Judge; and

Bjorkman, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

On appeal from his convictions of indecent exposure and disorderly conduct, appellant argues that insufficient evidence exists to sustain his conviction of indecent exposure. Appellant also raises multiple issues in his pro se supplemental brief. Because we hold that the evidence presented at trial is sufficient to sustain appellant's indecent-exposure conviction and that appellant's pro se arguments are unpersuasive, we affirm.

**FACTS**

On March 13, 2012, at approximately 5:30 p.m., M.M. and E.R. were taking care of a child in the nursery of Hosanna Lutheran Church in Lakeville, Minnesota. Shortly after starting to work in the nursery, E.R. saw appellant Joseph Mousel "standing fairly unusually close to the window with his pants down to his knees . . . and facing the other direction." E.R. pointed the man out to M.M., and M.M. also saw Mousel "standing outside the window with his pants around his knees." E.R. saw Mousel's buttocks, and M.M. saw his genitals. Mousel was standing approximately two feet away from the window and five feet from where M.M. and E.R. were standing inside of the nursery. Mousel was standing in an area with landscaping rocks and no sidewalk.

M.M. and E.R. observed Mousel by the window with his pants down for 30 to 45 seconds before M.M. left the nursery to notify a supervisor. Before she left the nursery, Mousel made eye contact with M.M. for five seconds, which made her feel "uncomfortable." E.R. stayed in the nursery with the child and saw Mousel wander

around outside with his pants around his knees for three to four minutes and then attempt to partially pull up his pants.

When M.M. returned to the nursery, Mousel was no longer standing by the window. M.M. and E.R. then saw Mousel drive away from the church in a red pick-up truck. Mousel drove by the nursery on a one-way road, slowed down, and looked directly at M.M. and E.R. inside of the nursery. Mousel maintained eye contact with them as he drove away. E.R. testified that the eye contact from Mousel was not "an accident," but instead "an intentional, not-okay kind of thing." M.M. said that the eye contact made her feel "uncomfortable" and "suspicious." E.R. thought that Mousel signaled his middle finger at M.M. and E.R. as he drove away. After Mousel left the church's property, both M.M. and E.R. gave statements to the police reporting what they observed.

Respondent State of Minnesota charged Mousel with indecent exposure and disorderly conduct. *See* Minn. Stat. §§ 609.72, subd. 1, 617.23, subd. 1, 1(1) (2010). The district court held a jury trial on the charges in October of 2013. M.M. and E.R. testified at trial about their observations of Mousel, and the district court admitted their statements to the police into evidence. Two Lakeville police officers also testified about their investigation of the case, and Mousel testified in narrative form in his own defense that he suffered from a "clothing malfunction" caused by medical problems with his back.

The jury found Mousel guilty of indecent exposure and disorderly conduct. In December of 2013, the district court sentenced Mousel on the indecent-exposure

conviction, ordering him to serve an executed sentence of 90 days in jail, pay a fine of $500, and a surcharge of $80.[1] This appeal follows.

## D E C I S I O N

### I.     Sufficiency of the Evidence

Mousel asserts that "[t]he state's evidence here fails to prove beyond a reasonable doubt that Mousel wil[l]fully and lewdly exposed private parts of his body." The state responds that sufficient evidence exists in the record to support Mousel's conviction of indecent exposure, and we agree.

When reviewing the sufficiency of the evidence supporting a conviction, our review is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). We review a sufficiency-of-the-evidence claim by determining whether legitimate inferences drawn from the record evidence would allow a fact-finder to conclude that the defendant was guilty beyond a reasonable doubt. *State v. Pratt*, 813 N.W.2d 868, 874 (Minn. 2012). We assume "that the jury believed all of the state's witnesses and disbelieved any evidence to the contrary." *State v. Chambers*, 589 N.W.2d 466, 477 (Minn. 1999). This court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offenses. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004). However, "[r]eversal is

---

[1] The district court did not pronounce sentence on the other charge.

proper if facts proving an essential element . . . are left more to conjecture and speculation than to reasonable inference." *State v. DeRosier*, 695 N.W.2d 97, 108 (Minn. 2005).

The jury convicted Mousel of indecent exposure under Minn. Stat. § 617.23, subd. 1 (2010), which states:

> A person who commits any of the following acts in any public place, or in any place where others are present, is guilty of a misdemeanor:
>
> (1) willfully and lewdly exposes the person's body, or the private parts thereof;
> (2) procures another to expose private parts; or
> (3) engages in any open or gross lewdness or lascivious behavior, or any public indecency other than behavior specified in this subdivision.

To prevail in a prosecution for indecent exposure, the state must show that the charged conduct "was committed with the deliberate intent of being indecent or lewd." *State v. Stevenson*, 656 N.W.2d 235, 240 (Minn. 2003) (quoting *State v. Peery*, 224 Minn. 346, 351, 28 N.W.2d 851, 854 (1947)). "Lewd" means "obscene" or "openly lustful or indecent." *State v. Botsford*, 630 N.W.2d 11, 17 (Minn. App. 2001), *review denied* (Minn. Sept. 11, 2001); *City of Mankato v. Fetchenhier*, 363 N.W.2d 76, 79 (Minn. App. 1985); *see also Black's Law Dictionary* 991 (9th ed. 2009) (defining "lewd" as "[o]bscene or indecent; tending to moral impurity or wantonness"). "Indecent" is defined as "[o]ffensive to public morals; immodest." *The American Heritage College Dictionary* 704 (4th ed. 2007). "The exposure becomes 'indecent' only when [appellant] indulges in such practices at a time and place where, as a reasonable person, he knows, or

5

ought to know, his act is open to the observation of others." *Peery*, 224 Minn. at 351, 28 N.W.2d at 854 (quotation omitted).

Mousel argues that insufficient evidence exists in the record to sustain his conviction under Minn. Stat. § 617.23, subd. 1(1), because the record does not show that he "wil[l]fully and lewdly exposed private parts of his body." "Intent may be proved by circumstantial evidence, including drawing inferences from the [appellant's] conduct, . . . and the events occurring before and after the crime." *In re Welfare of T.N.Y.*, 632 N.W.2d 765, 769 (Minn. App. 2001) (citing *Davis v. State*, 595 N.W.2d 520, 525-26 (Minn. 1999)). When reviewing a conviction sustained by circumstantial evidence, we first identify the circumstances proved, deferring to the jury's acceptance of these facts and assuming that the jury rejected all contrary facts. *State v. Silvernail*, 831 N.W.2d 594, 598-99 (Minn. 2013). Second, we determine whether the circumstances identified as proved are inconsistent with any rational hypothesis other than guilt. *Id.* at 599. "We give no deference to the fact finder's choice between reasonable inferences." *Id.* (quotation omitted).

The circumstances proved here are that: (1) M.M. and E.R. saw Mousel standing outside of a church window with his pants around his knees, exposing his buttocks and genitals, for three to four minutes; (2) while Mousel was standing approximately five feet away from M.M. and E.R., he made eye contact with M.M. for five seconds, which made her feel "uncomfortable"; (3) Mousel walked around outside with his pants down and made a half-hearted attempt to pull up his pants; and (4) Mousel made and maintained

6

eye contact with M.M. and E.R. as he drove away from the church, making them feel "uncomfortable" and "suspicious."

Based on the circumstances proved by the state at trial, we conclude that Mousel "willfully and lewdly" exposed his body in a public place. *See* Minn. Stat. § 617.23, subd. 1(1). The intent element in indecent exposure cases "may be inferred from the manner of the exposure or from recklessness." *Peery*, 224 Minn. at 351, 28 N.W.2d at 854 (quotation omitted). Mousel exposed his buttocks and genitals for three to four minutes outside of a church, near the church's windows, showing that the exposure was not an accidental wardrobe malfunction. He also made eye contact with M.M. while his pants were down and then maintained eye contact with both M.M. and E.R. as he drove away, making them both feel uncomfortable. He walked around the church property with his pants down and made a half-hearted attempt at pulling his pants up as he walked to his truck, showing that he was aware that his pants were down. Mousel's prolonged, public exposure of his buttocks and genitals was lewd because it was "openly . . . indecent" and he reasonably should have known that "his act [was] open to the observation of others."[2] *Id.* (quotation omitted); *Botsford*, 630 N.W.2d at 17. We hold that the only reasonable hypothesis from the circumstances proved is that Mousel

---

[2] Mousel asserts that this conduct was not lewd because it did not have a "sexual component," and he cites an unpublished case of this court, *State v. Maring*, No. A04-0917 (Minn. App. Apr. 26, 2005), to support his contention that a conviction of indecent exposure requires the state to prove a "sexual component." As the state highlights in its brief, Mousel misconstrues this case. Besides being unpublished, and therefore not binding precedent, *Maring* did not hold that indecent exposure must include a "sexual component," and the case analyzes indecent exposure under § 617.23, subd. 1(3), not 1(1).

7

"willfully and lewdly" exposed his buttocks and genitals in public and affirm Mousel's conviction.[3]  *See* Minn. Stat. § 617.23, subd. 1(1).

## II.  Pro Se Arguments

In his pro se supplemental brief, Mousel raises numerous reasons why his conviction should be reversed.  He argues (1) the district court improperly instructed the jury on indecent exposure; (2) the district court violated his Sixth Amendment right to counsel by denying his request to have a nonattorney represent him at trial; (3) the district court and prosecutor confused the jury by using terms such as crime, statute, law, rule of law, and constitution; (4) the prosecutor made misleading statements in closing argument because he called himself "scatter-brained"; (5) the prosecutor incorrectly explained what indecent exposure meant; and (6) the district court erred by confusing the jury during jury selection by saying, "I'm not trying to trick you."  After carefully considering each of these arguments, we conclude that none has merit.

**Affirmed.**

---

[3] Mousel also contends that the state only charged him under Minn. Stat. § 617. 23, subd. 1(1), and that his conviction cannot be sustained under Minn. Stat. § 617. 23, subd. 1(3). Because we affirm his conviction under § 617.23, subd. 1(1), we need not address this issue.